UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**ALPER KOLCU,**

**Plaintiff,**

v.  Case No. 23-CV-849

**VERIZON COMMUNICATIONS INC., et al.,**

**Defendants.**

ORDER

Background

On June 26, 2023, *pro se* plaintiff Alper Kolcu filed a complaint against an assortment of defendants, including corporate defendants Verizon Communications Inc., Verizon Business Network Services LLC, MCI Communications Inc., Verizon Business Office (VZB New Berlin), and Verizon Benefits Center, individual defendants Winsome Taik, Thomas Pietila, Kirti (Kitty) Rose, Chelsea J. Meyers, Leslie Stephenson, Michael Calantone, John M. Laughon, Lisa Lauture, Alice Hsieh, Roy Piestly, Joseph Glisczinski, Mark Peeters, Marc Fisher, and Corey Saffert, and defendants referred to as "John Doe 1-9," "Jane Doe 1-9," and "ABC Companies." (ECF No. 1 at 2-3). Kolcu's complaint and attachments span 100 pages and are difficult to parse, but he appears to

assert claims under various antidiscrimination laws for employment discrimination and retaliation related to two EEOC charges he filed against Verizon Communications Inc. in 2021. (ECF No. 1 at 6.) Kolcu filed a motion for leave to proceed without prepayment of the filing fee along with his complaint (ECF No. 2), which Judge Lynn Adelman denied (ECF No. 4). On July 11, 2023, Kolcu then paid the filing fee.

On August 24, 2023, the defendants moved to dismiss pursuant to Federal Rules of Civil Procedure 8(a), 8(d)(1), 10(b), 12(b)(5), and 12(b)(6). (ECF No. 10.) The case was reassigned to this court on the parties' consent. (ECF No. 14.) On September 15, 2023, Kolcu filed a motion for entry of default. (ECF No. 15.) On October 3, 2023, the defendants responded to Kolcu's motion for entry of default (ECF No. 22) and filed a motion for leave to file an amended motion to dismiss (ECF No. 21). This order addresses the defendants' motion to dismiss regarding service of process under Rule 12(b)(5).

**Service of Process**

After commencing a federal lawsuit the plaintiff must ensure that each defendant receives a summons and a copy of the complaint against it. Fed. R. Civ. P. 4(b), (c)(1). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). "A district court cannot exercise personal jurisdiction over a defendant unless the defendant has been properly served

2
Case 2:23-cv-00849-WED Filed 10/11/23 Page 2 of 8 Document 25

with process," and "the service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and complaint." *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008) (citations omitted). "The plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). If, on its own or on the defendant's motion, the court finds that the plaintiff has not met that burden of perfecting service within 90 days after filing the complaint and lacks good cause for not perfecting service, the court must dismiss the suit or specify a time within which the plaintiff must serve the defendant. *Id.*; Fed. R. Civ. P. 4(m).

The defendants argue that Kolcu has failed to effect service of process on all defendants and that, as a result, the court lacks personal jurisdiction over them. (ECF No. 11 at 12, 13.) Because service is a prerequisite to the court's jurisdiction, it will address the issue of service prior to the additional motions pending before the court.

Fed. R. Civ. P. 4(e) governs the procedure for serving individual defendants. When serving an individual defendant, a plaintiff properly serves the defendant by

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(a) delivering a copy of the summons and complaint to the individual personally;

> (b) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (c) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Under Wisconsin law, a plaintiff must serve an individual defendant by personally serving the summons on the defendant. Wis. Stat. § 801.11(1)(a). If with reasonable diligence the plaintiff is unable to effectuate service by personally serving the individual defendant, the plaintiff may leave a copy of the summons at the defendant's usual place of abode in the presence of either: a competent member of the defendant's family who is at least fourteen years old who has been informed of the summons' contents, or a competent adult residing in the defendant's abode who has been informed of the summons' contents; or "pursuant to the law for the substituted service of summons or like process upon defendants in actions brought in courts of general jurisdiction of the state in which service is made." *Id.* § 801.11(1)(b)(1). If with reasonable diligence the plaintiff is unable to serve the defendant by these means, "service may be made by publication of the summons as a class 3 notice, under ch. 985, and by mailing." *Id.* § 801.11(1)(c).

Kolcu has not demonstrated proper service on the individual defendants. A proof of service filed on August 3, 2023, indicates that Kolcu attempted to serve the individual defendants by emailing them a copy of the summons and complaint. (ECF

No. 5 at 2.) Neither the Federal Rules nor Wisconsin law governing service of process allows service by email. As such, Kolcu's attempt to serve the individual defendants by email is improper.

As to service of process on corporate defendants, Fed. R. Civ. P. 4(h) states that a corporation served in a judicial district of the United States must be served

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed R. Civ. P. 4(h).

Under Wisconsin law, a corporate defendant may be served "[b]y personally serving the summons upon an officer, director or managing agent of the corporation or limited liability company either within or without this state." Wis. Stat. § 801.11(5)(a). Instead of delivering the copy of the summons to the officer, the copy may be left in the office of the officer, director or managing agent with the person apparently in charge of the office. *Id.* If with reasonable diligence the defendant cannot be served personally, then the summons may be served upon an officer, director or managing agent of the corporation or limited liability company by publication and mailing. *Id.* § 801.11(5)(b).

Kolcu has not demonstrated service on any of the corporate defendants using these methods of service. He first attempted personal service at Verizon's New Berlin, Wisconsin office by having the process server leave the summons and complaint with a

security desk attendee. (ECF No. 5 at 1.) Kolcu then attempted personal service at Verizon's Bedminster, New Jersey office, also seemingly by talking to security, as a summons returned executed on August 3, 2023, states that the process server spoke to "Jason" from Verizon security, who "required [the process server] to email and fax complaints." (ECF No. 6 at 1.) The process server faxed and emailed the summons and complaint to 888-667-0028 and verizonlegalprcesscompliance@oneverizon.com. (*Id.*) It's not clear which corporate defendant(s) Kolcu was even attempting to serve in these instances—presumably Verizon Communications Inc. However, regardless of which corporate defendant Kolcu was trying to serve, none of these methods of service comport with the methods provided for under the Federal Rules or Wisconsin law. Even if this attempt had been proper, service on the remaining corporate defendants is entirely unaccounted for.

Lastly, it appears that Kolcu attempted to effect service on two of the individual defendants, Kirti (Kitty) Rose and Chelsea J. Meyers, as well as two of the corporate defendants, designated as Verizon Benefits Admin. and Verizon Business,[1] by certified mail. (ECF No. 7.) On August 3, 2023, Kolcu filed four certified mail receipts. (*Id.*) They do not specify what was sent to these defendants. The defendants correctly note that, even if Kolcu had shown that a copy of the summons and complaint was mailed to

---

[1] It is not clear which defendants these certified mail receipts correspond to, as they name "Verizon Benefits Admin." and "Verizon Business" (ECF No. 7) even though Kolcu has named as defendants entities referred to as Verizon Benefits Center, Verizon Business Network Services, LLC, and Verizon Business Office (ECF No. 1 at 2-3).

these defendants, service would nonetheless be improper because sending the summons and complaint to a defendant through certified mail is not a method of service under the Federal Rules and Wisconsin law. (ECF No. 11 at 13-14.)

As such, Kolcu has failed to establish proper service of process on all defendants. His attempts to serve the individual defendants via email, the corporate defendants personally and by fax and email, and other defendants through certified mail are all improper under federal and Wisconsin law.

Finding that Kolcu has failed to meet his burden of establishing service on the defendants, the court may dismiss the action without prejudice or order that service be made within a specific time. Fed. R. Civ. P. 4(m). The court will give Kolcu twenty-one days, that is, until November 1, 2023, to serve those defendants he intends to assert claims against. The court will grant the motion to dismiss as to any defendant not properly served by that date.

To the extent Kolcu does not wish to pursue claims against every person or entity named as a defendant in his complaint, he must dismiss them by filing an amended complaint not naming them as a defendant. The court will defer ruling on the defendants' motion to dismiss pursuant to Rules 8(a), 8(d)(1), 10(b), 12(b)(5), and 12(b)(6) until the defendants have been served and/or Kolcu files an amended complaint. If he files an amended complaint Kolcu should clarify what his claims are and which claims he asserts against each defendant.

Finally, given that Kolcu has not served any of the defendants, his motion for entry of default (ECF No. 15) will be denied.

**IT IS THEREFORE ORDERED** that Kolcu will have until November 1, 2023, to serve the defendants. The court will grant the defendants' motion to dismiss as to any defendant not properly served by that date. The court will defer ruling on the defendants' motion to dismiss pursuant to Rules 8(a), 8(d)(1), 10(b), 12(b)(5), and 12(b)(6) until the defendants have been served. Kolcu's motion for entry of default is **DENIED**.

Dated at Milwaukee, Wisconsin this 11th day of October, 2023.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge