UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
Milwaukee Division



ALPER KOLCU, Plaintiff,

v.

VERIZON COMMUNICATIONS, INC. et al,
Defendants, (See attached)

Case No. 23-CV-0849

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

**JURY TRIAL DEMANDED**

## REPLY TO DEFENDANT'S OPPOSITION (Dkt 35-37) TO PLAINTIFF'S REQUEST FOR EXTENSION OF TIME (Dkt 29)

I, Plaintiff, Alper Kolcu, have exercised reasonable diligence in attempting to locate and serve the defendants, both corporate and individuals. And requested Court to grant my Motion (Dkt 37). Contrary to Defendant's counsel's statements on its Memorandum (Dkt 35 at 2-3), Plaintiff served the Corporate Defendants pursuant to the laws listed below;

Plaintiff hired more than 8 process servers who have been unable to serve the Court stamped Summons and Complaint on the Defendant(s), at their last known addresses, Registered Agents, Last known addresses publicized on WI. Dept. of Financial Institutions' website www.dfi.wi.gov pursuant to FRCP Rule 4; N.J. Ct. Rule 4:4; Del. Title 8-Chapter 1(Sub. XIII), and Del. Title 10-Chapter 31; Wis. Stat. §801.11(5); §180.0504, §180.1510(3) and (4), §801.10(4); as well as MN Rule 355.01(2) and Rule 355.02(Subd. 2).

Plaintiff sent dozens of First-Class Mail, U.S. Mail as well as more than a dozen of Certified Mails to the Corporate Defendant(s) pursuant to Wis. Stat. §801.11(5)(c); §180.0504, §180.15, §180.1520, §180.0504(1)(a), §180.0504(2), §180.0119, §183.0119, §183.1622, §183.0141. Some of these mails returned back to me as undeliverable.

Plaintiff sent emails as well as more than a dozen of Certified Mails to the Corporate Defendant(s) pursuant to Wis. Stat. §801.11(5)(c); §180.0504(2), and §180.0141(5)(b)2.

The Process Servers of NJ, Joseph Butler, sent emails, fax as well as U.S. Mails to the Corporate Defendant(s), per the instructions from the security officer at their Principal Office

posted on WDFI website, One Verizon Way, Basking Ridge, NJ, and pursuant to Wis. Stat. §801.11(5)(c); §180.0141(5)(b)2, §180.0141(6)(a), §180.0504(2)(c), §180.0504(3), §180.0504(4), §180.1161(8), §180.1510(2), §180.1510(4).

Plaintiff believes the Corporate Defendant(s), contrary to the WI §180.11045(2)(f), §180.1105(1), §180.1009(2), §181.1507(2), §181.1520(2)(e); And pursuant to, §181.1510(3) (*"A foreign corporation formerly authorized to transact business in this state may be served in the manner provided in sub. (4) in any civil, criminal, administrative or investigatory proceeding based on a cause of action arising while it was authorized to transact business in this state, if the foreign corporation has done any of the following: (a) Withdrawn from transacting business in this state under s. §181.1520."*; And pursuant to **WI §181.1510(4):**

> "(a) With respect to a foreign corporation described in sub. (2) or (3), the foreign corporation may be served by registered or certified mail, return receipt requested, or by similar commercial delivery service, addressed to the foreign corporation at its principal office, as shown on the records of the department on the date of sending, except as provided in par. (b). Service is perfected under this paragraph at the earliest of the following:
>
> 1. The date the foreign corporation receives the mail or delivery by commercial delivery service.
> 2. The date shown on the return receipt, if signed on behalf of the foreign corporation.
> 3. Five days after its deposit in the U.S. mail, or with the commercial delivery service, if correctly addressed and with sufficient postage or payment.
>
> **181.1510(4)(b)(b)** If process, notice, or demand in an action cannot be served on a foreign corporation pursuant to subs. (1) to (3), service may be made by handing a copy to the individual in charge of any regular place of business or activity of the foreign corporation if the individual served is not a plaintiff in the action. If the address of the foreign corporation's principal office cannot be determined from the records of the department, the foreign corporation may be served by publishing a class 3 notice, under ch. 985, in the community where the foreign corporation's principal office or registered office, as most recently designated in the records of the department, is located."

And pursuant to **WI §181.1520(2)(c)**, it appears to be dodging the service of Court Summons and Complaint, which Plaintiff has been trying to serve for 3 (three) months now.

Contrary to Defendant's statements (Dkt 35 at in entirety), Plaintiff presented, and filed dozens of evidences, and affidavits confirming the "extensive efforts" ( Colborn v. Netflix Inc., 541 F. Supp. 3d 888 (2021))

> "Under Wisconsin law, whether a plaintiff exercises "reasonable diligence" in attempting personal service for purposes of sub. (1) (c) is a highly factual issue. In this case, the plaintiff's primary process server undertook multiple efforts to serve each of the defendants at multiple locations and on multiple days. This in itself was sufficient to show reasonable diligence. Further, additional efforts—hiring a second process server and searching the internet for other potential service locations—pushed the plaintiff's efforts over the "reasonable diligence" line. Colborn v. Netflix Inc., 541 F. Supp. 3d 888 (2021)."

And, Plaintiff believes after exhausting all the options recognized by the State Statutes, the only other option is to properly serve **ALL** defendants via publication, pursuant to §801.11(5)(b). This will require if not more, at least as much time to prepare, present, publish and file to the Court, as outlined in Plaintiff's Motion and supporting documents (Dkt 26-29).

As to Dkt 35, at 7, Plaintiff had presented enough evidence since July of 2023, that, he properly served the defendants according to the laws stated above. In addition, Plaintiff's process servers attempted to serve the Defendant's Counsel, pursuant to N.J. Civ. L. Rule 4:4-3(a), "(6" *Rule 4:4 - Process*, N.J. Ct. R. 4:4, And, as outlined under Rule 4:4-7;

> "Service may be made by mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, to the usual place of abode of the defendant or a person authorized by rule of law to accept service for the defendant or, with postal instructions to deliver to addressee only, to defendant's place of business or employment. If the addressee refuses to claim or accept delivery of registered or certified mail, service may be made by ordinary mail addressed to the defendant's usual place of abode. The party making service may, at the party's option, make service simultaneously by registered or certified mail and ordinary mail, and if the addressee refuses to claim or accept delivery of registered mail and if the ordinary mailing is not returned, the simultaneous mailing shall constitute effective service.

Furthermore, per *Rule 4:4 - Process*, N.J. Ct. R. 4:4

**"(b) Obtaining In Personam Jurisdiction by Substituted or Constructive Service.(1) By Mail or Personal Service Outside the State.** If it appears by affidavit satisfying the requirements of R. 4:4-5(b) that despite diligent effort and inquiry personal service cannot be made in accordance with paragraph (a) of this rule, then, consistent with due process of law, in personam jurisdiction may be obtained over any defendant as follows:

==R. 4:4-5(b)(C) mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail to: (1) a competent individual of the age of 14 or over, addressed to the individual's dwelling house or usual place of abode;==
*Rule 4:4 - Process*, N.J. Ct. R. 4:4

**AND**, per *Rule 4:4 - Process*, N.J. Ct. R. 4:4-5(C);

==(c) Optional Mailed Service. Where personal service is required to be made pursuant to paragraph (a) of this rule, service, in lieu of personal service, may be made by registered, certified or ordinary mail, provided, however, **that such service shall be effective for obtaining in personam jurisdiction only if the defendant answers the complaint or otherwise appears in response thereto**, and provided further that default shall not be entered against a defendant who fails to answer or appear in response thereto. This prohibition against entry of default shall not apply to mailed service authorized by any other provision of these rules. If defendant does not answer or appear within 60 days following mailed service, service shall be made as is otherwise prescribed by this rule, and the time prescribed by R. 4:4-1 for issuance of the summons shall then begin to run anew.==

**FINALLY**, per *Rule 4:4 - Process*, N.J. Ct. R. 4:4-6;

**Rule 4:4-6. General Appearance; Acknowledgment of Service**
A general appearance or an acceptance of the service of a summons, signed by the defendant's attorney or signed and acknowledged by the defendant (other than an infant or mentally incapacitated person), shall have the same effect as if the defendant had been properly served.
*Rule 4:4 - Process*, N.J. Ct. R. 4:4

Dated: October 20, 2023.

_____
Alper Kolcu
225 N 66th St,
Milwaukee, WI, 53213

Page 4 of 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
Milwaukee Division

ALPER KOLCU,

    Plaintiff,

v.

VERIZON COMMUNICATIONS, INC. et al,

    Defendants, (See attached)

Case No. 23-CV-0849

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

**JURY TRIAL DEMANDED**

# CERTIFICATE OF SERVICE

I, Plaintiff, Alper Kolcu, proceeding as a *pro se*, do hereby certify that on October 20, 2023, I caused the following to be filed;

1. **REPLY to Defendant's Opposition (Dkt 25-37) to Plaintiff's Motion for Extension of Time (Dkt 29)** By Plaintiff.

2. **Affidavit of Efforts to Serve Defendants by** Plaintiff. using the clerk of court office in-person. I further certify that the defendants in this action, via their counsel Jackson Lewis P.C. are supplied with these documents via *U.S. Mail,* and via e-mail pursuant to the consent, in which the Defendant's counsel agreed to accept service in that manner.

Dated: October 20, 2023.

*[signature]*

Alper Kolcu
225 N 66th St,
Milwaukee, WI, 53213