UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALPER KOLCU,

          Plaintiff,

v.                                     Case No. 23-CV-849

VERIZON COMMUNICATIONS, INC., et al.,

          Defendants.

## ORDER

On August 24, 2023, the defendants filed a motion to dismiss pursuant to Rules 8(a), 8(d)(1), 10(b), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 10.) Finding that *pro se* plaintiff Alper Kolcu had failed to properly serve any of the defendants named in the complaint, the court deferred ruling on the motion to dismiss until Kolcu had completed service on the defendants. (ECF No. 25 at 7.) The court directed Kolcu to complete service by November 1, 2023. (*Id.*) Before the court is Kolcu's Civil Local Rule 7(h) expedited non-dispositive motion for an extension of time to serve the defendants, and for an order directing the clerk of court to authenticate publication summons. (ECF No. 29.)

The day after the court issued its order directing Kolcu to complete service on the defendants by November 1, Kolcu moved for an extension of time to complete service, asking the court to extend the deadline for serving the defendants by sixty days so that he can serve the defendants by publication as provided in Fed. R. Civ. P. 4(e)(1) and Wis. Stat. § 801.11(1)(c). (ECF No. 29 at 1.) He also moved for an order directing the clerk of court to authenticate publication summons.[1] (*Id.*) On October 19, 2023, the defendants responded to Kolcu's motion. (ECF No. 35.) The next day, Kolcu filed a reply in support of his motion. But Civil L.R. 7(h) does not permit the moving party to file a reply brief absent leave of court. *See* Civil L.R. 7(h)(2) (E.D. Wis.). Because Kolcu did not request leave to file a reply, the court will not consider his reply in resolving the motion.

The Federal Rules of Civil Procedure allow for service on an individual or corporation by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1), (h)(1)(A). Under Wisconsin law, service by publication upon an individual defendant is permitted if, with reasonable diligence, the defendant cannot be personally served. Wis. Stat. § 801.11(1). Wisconsin law provides for service by publication upon a corporate defendant if, with reasonable diligence, the defendant cannot be personally served. Wis. Stat. 801.11(5)(a)-(b).

---

[1] While Kolcu states he filed a publication summons for authentication (ECF No. 29 at 3), no such publication summons appears in the record.

"The propriety of resorting to publication depends on Wis. Stat. 801.11(1), which says that when 'reasonable diligence' has not succeeded in producing service in hand, then a court may authorize service by publication." *Cunningham v. Montes*, 883 F.3d 688, 689 (7th Cir. 2018). Whether reasonable diligence exists depends on the facts of each case. *Haselow v. Gauthier*, 212 Wis. 2d 580, 569 N.W.2d 97, 100 (Ct. App. 1997) (citing *Heaston v. Austin*, 47 Wis.2d 67, 176 N.W.2d 309, 313 (1970)). Reasonable diligence does not require "all possible diligence which may be conceived." *Haselow*, 569 N.W.2d 97, 100. It does, however, require the "pursuit of any 'leads or information reasonably calculated to make personal service possible.'" *Loppnow v. Bielik*, 324 Wis. 2d 803, 783 N.W.2d 450, 454 (quoting *West v. West*, 82 Wis.2d 158, 262 N.W.2d 87, 90 (1978)).

Kolcu argues that he should be granted an extension of time to serve the defendants because he has made "extensive efforts" to serve the defendants, including his previous attempts at service in addition to efforts to serve the defendants after the court's October 11, 2023, order. (ECF No. 29 at 1-2.) But, as the defendants point out, the previous attempts to which Kolcu refers (ECF Nos. 5, 6, and 7) have already been deemed improper by the court. (ECF No. 25.)

After he filed the present motion, Kolcu filed affidavits from various process servers regarding his initial attempts at service on certain corporate defendants, in which the process servers state that service was attempted at Verizon's New Berlin, Wisconsin office (ECF Nos. 30 at 1, 32 at 1), its Bedminster, New Jersey office (ECF No.

3

Case 2:23-cv-00849-WED   Filed 10/25/23   Page 3 of 6   Document 46

33 at 1), as well as the office of MCI Communications Services, Inc.'s former registered agent (ECF Nos. 28 at 1-2, 31 at 1, 32 at 1), and that service was refused or evaded. The court has already determined that the attempts at the two Verizon offices were improper. As for the attempts on MCI Communications Services, Inc.'s former agent (which was not referred to in the proofs of service the court examined in its October 11, 2023, order), this was also improper because it was not the company's registered agent. The defendants cannot be considered to have refused or evaded service simply because Kolcu's attempts at service using improper methods were unsuccessful.

Kolcu also asserts that he has made new attempts at service on the defendants. It appears that on October 12, 2023, a process server tried to personally serve Verizon Communications, Inc., MCI Communications Services, Inc., Verizon Business Network Services, Inc., MCI Communications Services, LLC, and Verizon Business Network Services, LLC at the offices of counsel for the defendants in Madison, Wisconsin.[2] (ECF No. 27 at 1; ECF No. 27-1 at 1, 3, 5, 7, and 9.) Service on defendants' lawyers is not a proper method of effecting service under the Federal Rules of Civil Procedure or Wisconsin law. Nor do Kolcu's new attempts at service account for each defendant he named in his complaint. They refer to three corporate defendants (and two entities not named as defendants in the complaint). They make no reference to the rest of the defendants.

---

[2] The court notes that neither MCI Communications, LLC, nor Verizon Business Network Services, LLC were named as defendants in the complaint. (ECF No. 1.)

Kolcu has not demonstrated reasonable diligence in attempting to serve the defendants. His "extensive efforts" have largely involved improper methods and focus mainly on serving the corporate defendants, without any apparent attempts at serving the individual defendants beyond emailing them the summons and complaint, and, as to two of the individual defendants, sending the summons and complaint via certified mail.

In any event, Kolcu still has time to serve the defendants—seven days remain for him to do so. As a result, his motion for a sixty-day extension to serve the defendants via publication will be denied, as will his motion to have publication summons authenticated. However, in recognition of his *pro se* status, the court will grant the motion for an extension of time in part and give Kolcu an additional thirty days in which to serve the defendants. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or *order that service be made within a specified time*.") (emphasis added); *See also Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011) ("[T]he decision of whether to dismiss or extend the period for service is inherently discretionary….") (citations omitted). Kolcu must serve each defendant by December 1, 2023. The court will dismiss any defendant not properly served by that date. The court reminds Kolcu of its previous instruction that, to the extent he does not wish to pursue claims against every person or

entity named as a defendant in his complaint, he must dismiss them by filing an amended complaint not naming them as a defendant.

**IT IS THEREFORE ORDERED** that Kolcu's "Motion for an Extension of Time to Serve Defendant and for Order Directing Clerk of Court to Authenticate Publications by Alper Kolcu" (ECF No. 29) is **GRANTED IN PART** and **DENIED IN PART**. **IT IS ORDERED** that Kolcu will have until December 1, 2023, to serve the defendants.

Dated at Milwaukee, Wisconsin this 25th day of October, 2023.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge