# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALPER KOLCU,

    Plaintiff,

v.            Case No. 23-CV-849

VERIZON COMMUNICATIONS INC., et al.,

    Defendants.

## ORDER

In the court's order dated October 11, 2023, the court determined that *pro se* plaintiff Alper Kolcu had failed to effect service of process on the defendants. (ECF No. 25 at 7.) As a result, the court ordered Kolcu to complete service by November 1, 2023, and denied his motion for entry of default. (*Id.* at 8.) The court has since extended the time to complete service until December 1, 2023. (ECF No. 46 at 6.) Kolcu now asks the court to reconsider its decision denying his motion for entry of default as to MCI Communications Services, Inc. (ECF No. 47.)

Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (quoting *Keene Corp. v. Int'l*

*Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982)). Kolcu's motion offers neither. In its order, the court determined that Kolcu had failed to demonstrate service on all defendants, including MCI Communications Services, Inc. (ECF No. 25 at 6, 7.) Because service is a prerequisite to the court's jurisdiction, the court could not enter default against parties who had not been served. *See Mid-Continent Wood Prod., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991) ("[V]alid service of process is necessary in order to assert personal jurisdiction over a defendant."); *see also Wold v. Robart*, No. 17-CV-252-PP, 2018 WL 1135396 at *2 (E.D. Wis. Feb. 28, 2018) ("A party who moves for default under Rule 55(a) 'has the burden of showing that service of process was property effected consistent with Rule 4 of the Federal Rules of Civil Procedure.' ") (citation omitted).

Kolcu was not entitled to default without proof of service on any defendants against whom he sought an entry of default, including MCI Communications Services, Inc. There is no manifest error of law for the court to correct. Additionally, Kolcu does not offer new evidence proving he had served MCI Communications Services, Inc. when he moved for default. As a result, his motion for reconsideration will be denied.

**IT IS THEREFORE ORDERED** that Kolcu's motion for reconsideration (ECF No. 47) is **DENIED**.

Dated at Milwaukee, Wisconsin this 2nd day of November, 2023.

WILLIAM E. DUFFIN
U.S. Magistrate Judge