UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ALPER KOLCU,<br><br>    Plaintiff,<br><br>  v.<br><br>VERIZON COMMUNICATIONS, INC. et al.,<br><br>    Defendants. | Case No. 23-C-0849 |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO AMEND**

At issue in this motion is a three-letter misnomer regarding one of the 19 individuals and corporate defendants that Plaintiff is attempting to sue.

## I. BACKGROUND

On June 26, 2023, Plaintiff filed a *pro se* Complaint against Verizon Communications Inc. (identified in the Complaint as "Verizon Communication Inc."), Verizon Business Network Services LLC (identified in the Complaint as "Verizon Business Ntwk Srvs, LLC"), MCI Communications Services, Inc. (identified in the Complaint as "MCI Communications Srvs., Inc."), Verizon Business Office (VZB New Berlin), Verizon Benefits Center, Kirti (Kitty) Rosa (identified in the Complaint as "Kirti (Kitty) Rose"), Chelsea J. Meyers (identified in the Complaint as "Chelsea J Meyers"), Leslie Stephenson, Michael Calantone, Winsome Taik, John M. Laughon (identified in the Complaint as "John M Laughon"), Lisa Lauture, Alice Hsieh, Roy Piestley, Joseph Glisczinski, Mark Peeters, Marc Fisher, Corey Saffert, and Thomas Pietila. (ECF No. 1.)

1

On August 24, 2023, Defendants filed a Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 8(a), 8(d)(1), 10(b), and 12(b)(5), and 12(b)(6). (ECF No. 10.) The motion was accompanied by a supporting brief that was filed by all Defendants. (ECF No. 11.) In the one-page Motion, Defendants inadvertently referred to Defendant MCI Communications Services, Inc. as "MCI Communications Services LLC." (ECF No. 10.) The same three-letter misnomer appeared in the third line on the first page of the 16-page supporting brief. (ECF. No. 11 at 1.) However, in the only other reference to MCI, on Page 2 of Defendants' Brief, this Defendant is presented as MCI Communications Services, Inc. (*Id.* at p. 2.)

On September 15, 2023, Plaintiff filed a Motion for Entry of Default that appeared to seek judgment against Verizon Communications Inc., MCI Communications Services Inc., and Verizon Benefits Center. (ECF No. 15.) There is no issue with respect to the naming of Verizon Communications Inc. and Verizon Benefits Center vis-à-vis the Complaint and Defendants' Motion to Dismiss. They are identical throughout. Six days later – on September 21, 2023 – Plaintiff filed a Request for Entry of Default, which referenced only MCI. (ECF No. 18.)

In response to Plaintiff's default motion, Defendants filed an opposition brief on October 3, 2023. (ECF No. 20.) Defendants also filed an accompanying Motion for Leave to Amend their Motion to Dismiss, to correct "MCI Communications Services LLC" to "MCI Communications Services Inc." (ECF Nos. 21-22.)

The Court denied Plaintiff's Motion for Entry of Default on October 11, 2023 (ECF. No. 25) and denied Plaintiff's Motion for Reconsideration on November 2, 2023. (ECF No. 53.) In between the Court's rulings, on October 24, 2023, Plaintiff filed a Brief in Opposition to Defendants' Motion for Leave to Amend. (ECF No. 42.)

2

## II. ARGUMENT

To the extent that the Court's rulings do not render Defendants' amendment motion moot, Defendants now submit the following reply to Plaintiff's response brief:

### A. <u>PLAINTIFF'S RESPONSE BRIEF CANNOT BE USED AS A MEANS TO OPPOSE DEFENDANTS' MOTION TO DISMISS OR BRING BASELESS ALLEGATIONS.</u>

While he brings a brief in opposition to Defendants' Motion for Leave to Amend, Plaintiff's response brief nonetheless attempts to "slip in" arguments that relate to either Defendants' Motion to Dismiss or Plaintiff's Motion for Entry of Default. (ECF No. 42 at ¶¶ 13-25, 29.) The topics include EEOC complaints or charges, the response to an EEOC complaint, and EEOC mediation or conciliation (*Id.*) These matters are not relevant to Defendants' Motion for Leave to Amend. Plaintiff brings no authority to the contrary.

Notably, Plaintiff did not file a response to Defendants' Motion to Dismiss. The time for doing so has long passed. As Defendants filed their Motion to Dismiss on August 24, 2023, Plaintiff had until September 14, 2023, to file a response brief. *See* Civil L. R. 7(b). On October 24, 2023, Plaintiff filed his response brief in opposition to Defendants' Motion for Leave to Amend. Several paragraphs in that filing, however, oppose Defendants' Motion to Dismiss. (ECF No. 42 at ¶¶ 16-24.) Plaintiff cannot use Defendants' Motion for Leave to Amend as a second opportunity to oppose the Motion to Dismiss. ECF No. 42 at Paragraphs 16-24 are not relevant to Defendants' request to fix the misnomer in their Motion to Dismiss. The matter of relevance aside, those paragraphs are essentially identical to what Plaintiff presented in his declaration in support of his Motion for Entry of Default. (ECF Nos. 15-16.) The Court has denied that motion. (ECF No. 25.)

Plaintiff claims that Defendants' Motion for Leave to Amend "will create significant undue hardship on Plaintiff in seeking justice on the improper decision, order and any other ruling that Plaintiff is pursuing to appeal." (ECF No. 42 at ¶ 47.) "Undue hardship" is a concept that is typically associated with disability accommodation laws and generally means "an action requiring significant difficulty or expense." *See, e.g.,* 42 U.S.C. § 12111(10). Even if Plaintiff plans to appeal any rulings of this Court, it is very doubtful that Defendants' Motion to Amend would impair those rights, particularly at the very early stage of this litigation.

Plaintiff also uses his response brief as means of bringing unsupported allegations under the guise of opposing Defendants' Motion for Leave to Amend. Without evidence, he frames the Motion to Amend as a "dilatory move" that somehow is "hiding corporate liabilities." (ECF No. 42 at ¶ 45.) Such wild allegations do not support Plaintiff's position. Clearly, Defendants are not conspiring to hide corporate liabilities by requesting leave to amend a motion to say "MCI Communications, Inc."

Neither Plaintiff's references to the Motion to Dismiss nor his baseless allegations are responsive to the present matter, Defendants' Motion for Leave to Amend. Therefore, and to the extent that the Court's rulings do not render Defendants' amendment motion moot, this Court should grants Defendants' Motion for Leave to Amend.

**B. PLAINTIFF'S RESPONSE BRIEF BRINGS NO BASIS FOR DENYING DEFENDANTS' MOTION TO AMEND.**

Plaintiff's response brief fails to bring any authority to challenge – or any reason that this Court should deny – Defendants' Motion to Amend.

For example, Plaintiff attempts to argue that the Court should deny the motion by copying the text of Fed R. Civ. P. 15(a). (ECF No. 42 at ¶ 40.) Simply citing the rule, without explanation or context, does not provide a basis for denying Defendants' motion.

Second, Plaintiff cites case law from the Fifth Circuit that is not binding on this Court. (ECF No. 42 at ¶ 41, 43.) Even if such case law were binding, however, these cases are not on point with the present matter. While Defendants seek to correct a three-letter misnomer ("LLC versus "Inc.") in a Motion to Dismiss that was filed at the outset of the litigation, Plaintiff cites *Dussouy v. Gulf Coast Inv. Corp.* in opposition to it. *Dussouy* involved a plaintiff who appealed a decision of the United States District Court for the District of Louisiana denying him a third opportunity to amend his complaint one week before trial. 660 F.2d 594, 596 (5th Cir. 1981). Even if *Dussouy* were both binding on this Court and relevant to the present facts, this case does not help Plaintiff. Rather, as the Fifth Circuit granted the amended action, this case helps Defendants. *Id.* at 604. Plaintiff also cites *Lyn-Lea Travel Corp. v. Am. Airlines,* 283 F.3d 282 (5th Cir. 2002) (which appealed a summary judgment order from the United States District Court for the Northern District of Texas), and *Smith v. EMC Corp.*, 393 F.3d 590 (5th Cir. 2004) (which challenged the denial of the plaintiff's request for attorney's fees and the denial of his motions to amend his complaint). Neither case is relevant to Defendants' motion to correct their Motion to Dismiss.

Finally, Plaintiff cites other legal principles that have no correlation to Defendants' Motion. This includes "Delaware Title 18" (ECF No. 42 at ¶¶ 37-38.) Delaware Title 18 is an insurance code. As to 8 Delaware Code §§ 259 and 261, the law at issue is corporate mergers, consolidations or conversions, none of which relates to whether Defendants should be granted leave to amend their Motion to Dismiss. Plaintiff also cites Fed. R. Civ. P. 8(c)(1), which sets forth affirmative defenses that a party must include in an answer to a complaint. (ECF No. 42 at ¶ 39.) Affirmative defenses are not part of a motion to dismiss nor relevant to a motion for leave to amend. Plaintiff also refers to "diversity requirements" (ECF No. 42 at ¶ 44), but diversity jurisdiction (under 28 U.S.C. § 1322) is not at issue in this case.

In sum, Plaintiff fails to bring a substantive argument in opposition to Defendants' motion. Therefore, and to the extent that the Court's rulings do not render Defendants' amendment motion moot, this Court should grants Defendants' Motion for Leave to Amend.

### C. PLAINTIFF'S RESPONSE BRIEF TAKES ISSUE WITH MATTERS THAT ARE NOT RELEVANT TO DEFENDANTS' MOTION TO AMEND.

Plaintiff's response brief is comprised almost entirely of matters that have no bearing on Defendants' Motion to Amend their Motion to Dismiss.

First, Plaintiff alleges missteps with the notice of appearance that was filed on behalf of Michaela A. Hendricks, one of the attorneys who is representing all of the Defendants. (ECF No. 42 at ¶¶ 7, 9, 10.) A notice of appearance is a "pleading filed by an attorney to notify the court and the other parties that he or she represents one or more parties in the lawsuit." Black's Law Dictionary 1166 (9th ed. 2009.) Attorney Hendricks' notice of appearance stated that she would be appearing on behalf of all of the Defendants. (ECF. No. 13.) Obviously, there was no confusion, as Attorney Hendricks' representation of all of the Defendants has since been accurately reflected in the Court's docket. Regardless, a notice of appearance plays no role in Defendants' Motion for Leave to Amend, and Plaintiff brings no authority to the contrary.

Plaintiff further asserts flaws in a certificate of service that was filed with Defendants' Motion to Dismiss. (ECF No. 42 at ¶ 8.) A certificate of service is a "section of a pleading or motion filed with the court, usually contained separately on the last page, in which the filing party certifies to the court that a copy has been mailed to or otherwise served on all other parties." Black's Law Dictionary 257 (9th ed. 2009.) Defendants' certificate of service (ECF. No. 12) has no bearing on Defendants' Motion for Leave to Amend, and Plaintiff brings no authority to the contrary.

Third, Plaintiff finds fault in Defendants' corporate disclosure statement. (ECF No. 42 at ¶¶ 11-12, 30-36.) As set forth in the federal rules, "a nongovernmental corporate party or a nongovernmental corporation that seeks to intervene must file a statement that: (A) identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or (B) states that there is no such corporation." Fed. R. Civ. P. 7.1(a). Defendants' disclosure statement (ECF No. 9) fully complies with the requirements of the federal rules and this Court. Regardless of its contents, however, Defendants' disclosure statement is not relevant to whether the court should grant Defendants' Motion for Leave to Amend. Plaintiff brings no authority to the contrary. Similarly, Defendants' filings with the Wisconsin Department of Financial Institutions are not relevant to Defendants' Motion for Leave to Amend. (ECF No. 42 at ¶¶ 31-34; Ex. 1.)

Matters that are entirely unrelated to the present motion fail to provide a basis for denying it. Therefore, and to the extent that the Court's rulings do not render Defendants' amendment motion moot, this Court should grants Defendants' Motion for Leave to Amend.

### III. CONCLUSION

Plaintiff brings no reason for this Court to deny Defendants' Motion. Accordingly, for the foregoing reasons, and to the extent that the Court's rulings do not render the Defendants' amendment motion moot, this Court should grant Defendants' Motion for Leave to Amend.

Dated this 7th day of November, 2023.

/s/ Brian G. Nuedling
Brian G. Nuedling, WI Bar # 1035493
JACKSON LEWIS P.C.
22 East Mifflin Street, Suite 800
Madison, WI  53703
Direct Tel:  (608) 807-5278
Fax:  (608) 260-0058
Brian.Nuedling@JacksonLewis.com

Michaela A. Hendricks, WI Bar # 1124716
JACKSON LEWIS P.C.
22 East Mifflin Street, Suite 800
Madison, WI 53703
Direct Tel: (608) 807-5286
Fax: (608) 260-0058
Michaela.Hendricks@JacksonLewis.com

*Attorneys for Defendants*

4883-1755-5341, v. 1