UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ALPER KOLCU,<br><br>                     Plaintiff,<br><br>    v.<br><br>VERIZON COMMUNICATIONS, INC., et al.,<br><br>                     Defendants. | Case No. 2:23-cv-00849-WED |

**DEFENDANTS' BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION FOR NUNC PRO TUNC ORDER AND OBJECTIONS
REGARDING ORDER ON MOTION FOR RECONSIDERATION**

## INTRODUCTION

Plaintiff has filed numerous motions and other filings since commencing his lawsuit against nineteen (19) corporate and individual Defendants, as well as "John Doe 1-9," "Jane Doe 1-9," and "ABC Companies."[1] Most recently, Plaintiff filed "Plaintiff's Objection to Magistrate Judge's Non-Dispositive Order (Dkt 53) – Pursuant to F.R.CP.R. 72(a)" ("Objection") and "Plaintiff's Motion for Nunc Pro Tunc Order – Pursuant to F.R.C.P.R. 72(a) & Actus Curiae Neminem Gravabit." ("Motion") (ECF Nos. 59, 62). Plaintiff is, once again, arguing that this Court should grant his Motion for Entry of Default (ECF No. 15.) However, on October 11, 2023,

---

[1] Plaintiff's Complaint names the following as Defendants: Verizon Communications Inc. (identified in the Complaint as "Verizon Communication Inc."), Verizon Business Network Services LLC (identified in the Complaint as "Verizon Business Ntwk Srvs, LLC"), MCI Communications Services, Inc. (identified in the Complaint as "MCI Communications Srvs, Inc."), Verizon Business Office (VZB New Berlin), Verizon Benefits Center, Kirti (Kitty) Rosa (identified in the Complaint as "Kirti (Kitty) Rose"), Chelsea J. Meyers (identified in the Complaint as "Chelsea J Meyers"), Leslie Stephenson, Michael Calantone, Winsome Taik, John M. Laughon (identified in the Complaint as "John M Laughon"), Lisa Lauture, Alice Hsieh, Roy Piestley, Joseph Glisczinski, Mark Peeters, Marc Fisher, Corey Saffert, and Thomas Pietila. (ECF. No. 1.)

1

Plaintiff's Motion for Entry of Default was denied by the Court. (ECF No. 25.) Plaintiff then brought a Motion for Reconsideration (ECF No. 47), which the Court also denied. (ECF No. 53.)

Proper service upon all of the Defendants is still pending. The Court granted Plaintiff an additional 30 days, until December 1, 2023, to serve all Defendants but denied his motion to have his publication summons authenticated. (ECF No. 46.) Also pending is a Motion to Dismiss filed on behalf of all Defendants, and which the Court has deferred until the service issue is resolved. (ECF No. 25.)

As in other instances in this case, all of the Defendants hereby respond to the filings by Plaintiff that are without merit and have no basis in law or fact. Therefore, as with the others, his Objection and Motion should be denied.

## ARGUMENT

Plaintiff brings his Objection and Motion pursuant to Federal Rule of Civil Procedure 72(a). Under Rule 72(a), the Court shall consider objections made by the parties and "modify or set aside any part of the order that is clearly ***erroneous or is contrary to law***." Fed. R. Civ. P. 72(a) (emphasis added).

Plaintiff also brings his Objection and Motion pursuant to "U.S.C. § 1292(b) and U.S.C. § 1870." These are not United States Code sections. However, to the extent that Plaintiff is referring to 28 U.S.C. § 1292(b) and 28 U.S.C. § 1870, these sections are irrelevant to Plaintiff's filings. 28 U.S.C. § 1292(b) creates a two-step, two-level procedure for obtaining review in civil actions on non-final interlocutory orders. There are no interlocutory orders in this case. 28 U.S.C. § 1870 entitles each party in a civil case to three peremptory challenges. A peremptory challenge is the removal of a potential juror without a reason or explanation. We are not even at the discovery phase of litigation, let alone at the trial stage. It is unclear why Plaintiff would bring his Objection

2

and Motion pursuant to these codes. It is also unclear why Plaintiff would cite "Fed. R. Civ. P. 10(e)" in his Motion, as there is no subsection "e" in Rule 10.

Lastly, Plaintiff brings his Motion pursuant to Fed. R. Civ. P. 60(a), which permits the Court to "correct a ***clerical mistake or a mistake arising from oversight or omission*** whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a) (emphasis added).

### I. Plaintiff Has No Grounds For This Court To Amend Or Set Aside Its Order Denying His Motion For Reconsideration.

Plaintiff has not shown any grounds for the Court to amend or set aside its Order denying Plaintiff's Motion for Reconsideration. A court may set aside the magistrate judge's determination, or any portion of it, only if it can be shown that the magistrate judge's order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The clear error standard means that the court can overturn the magistrate judge's ruling only if it is "left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997); *see also United States v. Schneider*, No. 07-CR-41, 2007 U.S. Dist. LEXIS 61413, at *3 (E.D. Wis. Aug. 20, 2007). This is not the case here.

Plaintiff failed to develop any argument as to why Magistrate Judge William E. Duffin needed to grant default judgment against any Defendants cited in Plaintiff's Motion for Entry of Default (ECF No. 15). In fact, it appears that Plaintiff believes that the Court should reconsider and amend the Order because he "submitted a well-pled set of factual elements pointing to Defendant's unlawful conduct; worthy of a jury's deliberations …" (ECF No. 60, pg. 27.) This is not a clear error, nor any error for that matter. Fed. R. Civ. P. 72(a) does not provide for modification of an Order because a party "submitted a well-pled set of factual elements." This is an argument that Plaintiff could have made in response to Defendants' Motion to Dismiss (which

3

he did not oppose), not in objection to a court's order denying reconsideration of its previous denial of entry of default.

However, Plaintiff asserts that the "Court erred when it did not consider the Corporate Defendant's Home State Laws for Service of Process." (ECF No. 60, pg. 20.) He does explain what Corporate Defendants he believes he has properly served under New Jersey or Delaware law, let alone how he effectuated proper service on those Defendants consistent with Rule 4 of the Federal Rules of Civil Procedure. Instead, he uses his Objection and Motion as additional opportunities to argue his Motion for Entry of Default.

Magistrate Judge Duffin did not make a clear error (or any error) in denying Plaintiff's Motion for Reconsideration. Given the clear-error standard under which the Court is to review the Order, Plaintiff has provided no reason to think that a mistake has been made. As such, Plaintiff's Objection and Motion should be denied.

## II. Defendant Has <u>Not</u> Failed To Plead Or Otherwise Defend.

Regardless of whether Plaintiff has shown that the Order was "erroneous or contrary to law," there are still no grounds for entry of default because Defendants have <u>not</u> failed to appear, plead, or otherwise defend within the time allowed. *See* Fed. R. Civ. P. 55(a). To date, Plaintiff has not effectuated proper serve on all of the Defendants. Plaintiff even acknowledges that he has not properly served all Defendants. (ECF No. 60, ¶ 17.) ("The Court deferred the ruling on the Defendant's Motion to Dismiss until the defendants have been served.") Plaintiff attempts to argue that his "Affidavit of Service by Speedy Notary NJ" (ECF No. 33) is "newly filed evidence" that warrants amendment to the Court's order. This is simply absurd. The affidavit was filed on October 17, 2023—more than two weeks before the Court denied Plaintiff's Moton for Reconsideration of

4

Order denying his Motion for Entry of Default. It is not "newly filed evidence," nor is it grounds for entry of default because all of the Defendants filed a timely Motion to Dismiss.

Even if Plaintiff properly serves some, or all, of the Defendants by the December 1, 2023 deadline, all Defendants have a pending Motion to Dismiss. A defendant is required to serve an answer on plaintiff within "21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). Instead of answering within that 21-day period, defendant may choose to make a preliminary Rule 12(b) motion to dismiss. A Rule 12(b) motion "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Should Defendants' Motion prove unsuccessful, Defendants will have fourteen (14) days after service of the Court's unfavorable decision on the motion to answer Plaintiff's Complaint. Fed. R. Civ. P. 12(a)(4)(A). Clearly, Defendants have <u>not</u> failed to plead or otherwise defend against Plaintiff's claims, and therefore, there are still no grounds for entry of default.

### III. Plaintiff's Filings Contain Nothing More Than Irrelevant Information That Has No Bearing On Entry Of Default.

As discussed above, Plaintiff has not pointed to any grounds that warrant modification to the Order denying his Motion for Reconsideration. Instead, Plaintiff uses his filings to point to his numerous qualms with Defendants' filings and cite unrelated codes, statutes, and legal principles. They are simply irrelevant and fail to support Plaintiff's Objection and Motion.

As with several other filings, Plaintiff continues to claim default on the basis of Defendants' Rule 7.1 corporate disclosure statement. Defendants' corporate disclosure statement fully complies with the requirements of Fed. R. Civ. P. 7.1 and this Court. (ECF No. 9.) Regardless, a corporate disclosure statement is immaterial to the prosecution or defense of a particular cause of action. Plaintiff also claims that the Court erred in verifying the appearance by Defendants' counsel. (ECF No. 60, pg. 5.) Attorney Hendricks' notice of appearance clearly states that she

would be appearing on behalf of all of the Defendants. (ECF No. 13.) Attorney Hendricks' representation of all of the Defendants has been accurately reflected by this Court in the docket. This is not an error. Nevertheless, a notice of appearance would not warrant any modification to the Order denying Plaintiff's Motion for Reconsideration.

Plaintiff's "Brief in Support of Objection to Magistrate Judge's Order (ECF No. 53), Pursuant to Fed. R. Civ. P. 72(a)" also cites to multiple rules and codes that are unrelated to his Objection and Motion, including 42 U.S.C. § 1981(a), 42 U.S.C. § 1983, "Title 42 U.S. Chapter 21 – Part III," and Fed. R. App P. 5. (ECF No. 60, pgs. 7, 18.) Plaintiff has not brought claims under 42 U.S.C. § 1981(a), 42 U.S.C. § 1983, or "Title 42 U.S. Chapter 21 – Part III (ECF No. 1), nor do the Federal Rules of Appellate Procedure apply to this case. It is not clear why Plaintiff made these references.

It is also unclear why Plaintiff used his brief to discuss legal principles that are completely unrelated to the issues regarding Plaintiff's motion for entry of default. For example, he discusses personal, supplemental, and diversity jurisdiction. (ECF No. 60, pgs. 7-11, 18-20.) Defendants have not presented any defenses related to jurisdiction whatsoever, and the Court's Order makes no reference to jurisdiction. Plaintiff's jurisdictional arguments are irrelevant. Venue is also not at issue in this case, and so, Plaintiff's references to venue are likewise irrelevant. (ECF No. 60, pg. 12.) Plaintiff's brief also makes appears to be asking the Court to certify the appeal of an interlocutory order. (ECF No. 60, pgs. 17-18.) An interlocutory order is a non-final order issued during the course of litigation. *See* 13 Moore's Federal Practice - Civil § 66.07(1) (2023). No interlocutory orders have been issued in this case. Again, it is unclear why Plaintiff is asking the Court for such certification.

6

Case 2:23-cv-00849-WED   Filed 11/28/23   Page 6 of 7   Document 63

Instead of arguing grounds for the Court to modify or set aside the Court's Order, Plaintiff's filings contain nothing more than a series of immaterial citations to codes and legal principles that have no bearing on his Objection or Motion.

## CONCLUSION

Plaintiff's Objection and Motion do not have any grounds for the Court to modify or set aside its Order denying the Motion for Reconsideration. Therefore, Plaintiff's Objection and Motion should be denied.

Dated this 28th day of November, 2023.

/s/ Brian G. Nuedling
Brian G. Nuedling, WI Bar # 1035493
JACKSON LEWIS P.C.
22 East Mifflin Street, Suite 800
Madison, WI  53703
Direct Tel:  (608) 807-5278
Fax:  (608) 260-0058
Brian.Nuedling@JacksonLewis.com

Michaela A. Hendricks, WI Bar # 1124716
JACKSON LEWIS P.C.
22 East Mifflin Street, Suite 800
Madison, WI  53703
Direct Tel:  (608) 807-5286
Fax:  (608) 260-0058
Michaela.Hendricks@JacksonLewis.com

*Attorneys for Defendants*

4879-8929-0387, v. 1