UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALPER KOLCU,

          Plaintiff,

v.                                Case No. 23-CV-849

VERIZON COMMUNICATIONS, INC, et al.,

          Defendant.

## DECISION AND ORDER

**1. Procedural History**

Alper Kolcu, proceeding pro se, filed this action on June 26, 2023. (ECF No. 1.) After Judge Adelman denied Kolcu's motion to proceed without prepayment of the filing fee, Kolcu paid the filing fee, and the Clerk's Office issued Kolcu summonses and instructions on how to serve the defendants.

The matter was reassigned to this court upon all parties consenting to the full jurisdiction of a magistrate judge. (ECF No. 3, 8, 14.) The defendants moved to dismiss Kolcu's complaint on various grounds. (ECF No. 10.) Instead of responding within 21 days as required by Civ. L.R. 7(b), Kolcu moved for default. (ECF No. 15.) The court denied that motion initially (ECF No. 25) and on reconsideration (ECF No. 53) because

Kolcu had failed to serve any of the defendants with a summons and copy of the complaint. The court ordered Kolcu to serve the defendants by November 1, 2023. (ECF No. 25.) The court then granted Kolcu's motion to extend that deadline (ECF No. 29) and gave him until December 1, 2023, to complete service (ECF No. 46).

Kolcu has also filed a document captioned, "Motion to Order for Show Cause and Enter Sanctions." (ECF No. 41.) Having reviewed Kolcu's motion, proposed order (ECF No. 41-1), and the documents submitted with it (ECF No. 43; 43-1; 44), the court finds no basis for the relief requested. Accordingly, the motion will be denied.

Kolcu also filed a document captioned, "Plaintiff's Objection to Magistrate Judge's Non-Dispositive Order (Dkt 53) – Pursuant to F.R.C.R. R. 72(a)." (ECF No. 59.) Kolcu's objection is without merit and reflects a misunderstanding of Fed. R. Civ. P. 72(a). Rule 72(a) applies only to actions under 28 U.S.C. § 636(b). Because all parties have consented to have a magistrate judge preside in this matter, 28 U.S.C. § 636(b) is inapplicable. This action is under 28 U.S.C. § 636(c).

Kolcu also filed a document captioned, "Plaintiff's Motion for Nunc Pro Tunc Order – Pursuant to F.R.C.P. R. 72(a) & Actus Curiae Neminem Gravabit." (ECF No. 62.) Again, Kolcu has failed to demonstrate that this motion has any merit. In this and many of his prior filings Kolcu attempts to challenge the court's decision denying his motion for a default. The court reiterates that no basis exists for a reconsideration of the court's order denying default, or to set it aside or otherwise alter the decision. The court cannot

enter default against a defendant who has not been served with the complaint, and Kolcu has failed to prove that he served the defendants.

Further, it is inappropriate for any party, even a party who is pro se, to repeatedly ask a court to reconsider a prior decision. Reconsideration is an extraordinary and limited remedy; asking once is more than enough. The ordinary means for error correction is an appeal to the Court of Appeals, but pursuing such relief generally must wait until the case in the district court is complete. Should Kolcu continue to persist in attempting to relitigate in this court any issue that the court has already resolved, he may be subject to sanctions.

The defendants have sought leave to file an amended motion to dismiss. (ECF No. 21.) They "seek to amend their Motion to Dismiss to correct a misnomer discovered after Plaintiff filed a Motion for Entry of Default." (ECF No. 22 at 2.) They explain that they incorrectly identified "MCI Communications Services, Inc." as "MCI Communications Services LLC." (ECF No. 22 at 2.)

Kolcu filed a brief in opposition to the motion but has failed to establish a reasonable basis for denying the motion. (ECF No. 42.) Much of his response is devoted to unrelated issues that are not properly before the court. He inappropriately relies on Fed. R. Civ. P. 15, which applies to pleadings. A motion to dismiss is not a pleading. *See* Fed. R. Civ. P. 7(a). He also asserts that he would be prejudiced if the court were to allow the amendment, but he has failed to demonstrate prejudice.

Because the defendants have demonstrated good cause and Kolcu would not be prejudiced, the court will grant the defendants' motion to amend their motion to dismiss. The court will accept the previously filed motion to dismiss as having been constructively amended so that any reference to "MCI Communications Services LLC" will refer to "MCI Communications Services Inc."

**2. Motion to Dismiss – Sufficiency of Service**

Turning to the defendants' motion to dismiss, the court first addresses whether each defendant has been properly served with a summons and the complaint.

"A defendant may enforce the service of process requirements through a pretrial motion to dismiss." *Cardenas v. City of Chi.*, 646 F.3d 1001, 1005 (7th Cir. 2011) (citing Fed. R. Civ. P. 12(b)(5)). "The plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service." *Id*. If the court finds that the plaintiff has not properly served a defendant and lacks good cause for failing to do so, the court must either dismiss the action against any defendant who was not properly served or specify a deadline by which the plaintiff must serve the defendant. *Id.* (citing Fed. R. Civ. P. 4(m)).

The court has not identified in the record proof of service on the following defendants: Thomas Pietila, Verizon Business Office, Kirti Rose, Chelsea J. Meyers, Leslie Stephenson, Michael Calantone, Winsome Taik, John M. Laughon, Lisa Lauture, Alice Hsieh, Roy Piestley, and Verizon Benefits Center. The court having twice extended

the time within which Kolcu was to serve all defendants, and Kolcu having failed to request (much less show good cause for) any further extension, the complaint against these defendants is dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) and 12(b)(5). Moreover, as discussed below, even if these persons and entities were served, dismissal would be proper because Kolcu has failed to allege a plausible claim against any of them.

Kolcu has provided proof of service on Joseph Glisczinksi (ECF Nos. 65 at 2; 67 at 2); Mark Peeters (ECF Nos. 65 at 3; 67 at 4); Marc Fisher (ECF Nos. 65 at 1; 67 at 3); and Corey Saffert (ECF Nos. 65 at 4; 67 at 5), and the court has not been presented with any reason to find that service was improper. Defendant "Verizon Business Ntwk Srvs LLC" appears to have been served twice (and proof filed three times). (ECF Nos. 54 at 1; 65 at 5; 67 at 1.)

There is no record of "MCI Communications Srvs Inc." having been served, but "MCI Communications Services, LLC" was served through its registered agent on October 19, 2023. (ECF No. 54 at 2.)

Finally, there is no evidence that Verizon Communications, Inc. was personally served. (*See* ECF No. 54 at 1.) However, Kolcu submitted documents from the Wisconsin Department of Financial Institutions (WDFI) indicating that Verizon Communications, Inc. identified its registered agent as being located at an office in Minneapolis. (ECF No. 52-1 at 5.) Kolcu submitted documents from a process server who went to that address

and found it to be occupied by an unrelated law firm, which refused service. (ECF No. 52-1 at 3-6.) Kolcu avers that he mailed the summons and complaint by certified mail to that same office suite and also to defense counsel in this action. (ECF Nos. 52; 52-1 at 7-8.)

When a corporation's registered agent cannot be identified or served with reasonable diligence, mailing a copy of the summons and complaint by certified mail to the address on record with the WDFI may be sufficient to perfect service. *See* Wis. Stat. § 180.0504(2). However, the WDFI record that Kolcu submitted indicated that Verizon Communications, Inc.'s status is listed as "withdrawal" and has been since 2000. (ECF No. 52-1 at 5.) The meaning or consequence of that designation is unclear.

Subsequent to Kolcu's service efforts discussed above, Verizon Communications, Inc. has not raised any argument that service on it was ineffective. The plaintiff having made a showing of proper service and, in the absence of an argument from this defendant that these efforts were improper, the court finds that it has jurisdiction to address the pending motion as to Verizon Communications, Inc..

3. **Motion to Dismiss – Failure to State a Claim**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure a defendant may move to dismiss a claim on the ground that the plaintiff has failed to "state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662,

6
Case 2:23-cv-00849-WED   Filed 02/01/24   Page 6 of 12   Document 69

678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. "Even after *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, and *Ashcroft v. Iqbal*, 556 U.S. 662, a complaint in federal court pleads claims, not facts." *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021).

In resolving a motion to dismiss under Rule 12(b)(6), the court ordinarily may consider only the pleadings (including documents attached to the pleadings, Fed. R. Civ. P. 10(c)). However, the court can also consider documents referred to in the plaintiff's complaint that are central to a claim. *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994); *see also Gociman v. Loyola Univ. of Chicago*, 41 F.4th 873, 881 (7th Cir. 2022) ("In evaluating the sufficiency of the complaint, we consider documents integral to the complaint that might aid in determining whether a plaintiff is entitled to relief."). At this stage the court accepts as true all the well-pleaded allegations in the amended complaint and draws all reasonable inferences against the defendants. *Lodholtz v. York Risk Servs. Grp.*, 778 F.3d 635, 639 (7th Cir. 2015).

Turning to the substance of Kolcu's complaint, he checked the boxes to allege that the defendants discriminated against him based on his religion, national origin, age,

and disability. (ECF No. 1 at 5.) Thus, he has alleged claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 (ADEA), and Title I of the Americans with Disabilities Act of 1990 (ADA).

A plaintiff can bring a claim under Title VII, the ADEA, or Title I of the ADA only after exhausting his administrative remedies. 29 U.S.C. § 626(d); 42 U.S.C. §§ 12117(a), 2000e-5(f)(1); *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019) (Title VII); *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 600 (7th Cir. 2009) (ADA). Only those the plaintiff named as respondents in the administrative complaint can be named as defendants in his lawsuit, and a lawsuit may include only those claims he presented in his administrative complaint. *Chaidez*, 937 F.3d at 1004 (quoting *Geldon v. S. Milwaukee Sch. Dist.*, 414 F.3d 817, 819 (7th Cir. 2005)).

Kolcu filed his charge of discrimination on April 29, 2021. (ECF No. 1 at 33.) He filed a subsequent charge on November 9, 2021, alleging that he was discharged in retaliation for filing his prior complaint. (ECF No. 1 at 37.) In both complaints Kolcu named "Verizon Communications Inc." as his employer, which was the only respondent. (ECF No. 1 at 33, 37.) Therefore, Verizon Communications, Inc. alone is the appropriate defendant in the present action.

This result would be the same even if Kolcu had named as respondents all the other persons and entities he named as defendants in this action (and if he had properly served them). Only an employer is liable under Title VII or Title I of the ADA, *Gastineau*

*v. Fleet Mortg. Corp.*, 137 F.3d 490, 493 (7th Cir. 1998); 42 U.S.C. § 2000e(b), and Kolcu has adequately alleged that only Verizon Communications, Inc. was his employer. An individual—whether coworker, supervisor, or manager—is not personally liable for employment discrimination under the ADA, ADEA, or Title VII. *See Horwitz v. Bd. of Educ.*, 260 F.3d 602, 610 n.2 (7th Cir. 2001); *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000); *Gastineau*, 137 F.3d at 493. It is also an inconsequential distinction. A plaintiff can recover only once for a wrong and thus does not increase his recovery by naming more persons as defendants.

Kolcu's claims against Verizon Communications, Inc., however, are limited to claims of discrimination on the basis of religion and national origin under Title VII, disability under the ADA, and retaliation under both the ADA and Title VII because those are the only claims he presented in his administrative charges. (ECF No. 1 at 33, 37.) Kolcu cannot proceed with any other claim, including a claim under the ADEA, because he did not exhaust his administrative remedies as to those claims.[1]

**4. Motion to Dismiss – Fed. R. Civ. P. 8, 10, and Civ. L.R. 10 (E.D. Wis).**

Kolcu's complaint contains only four claims: (1) discrimination on the basis of religion in violation of Title VII; (2) discrimination on the basis of national origin in violation of Title VII; (3) discrimination on the basis of disability in violation of the

---

[1] In any event, Kolcu states he was born in 1983 (ECF No. 1 at 5), and therefore he would not have been at least 40 years of age in the relevant period between October 1, 2019 (ECF No. 1 at 33) and October 28, 2021 (ECF No. 1 at 37). Consequently, he would not have been protected by the ADEA, *see* 29 U.S.C. § 631(a).

ADA; and (4) retaliation under both Title VII and the ADA. These four claims are against Verizon Communications, Inc. alone.

Verizon Communications, Inc. argues that the court must dismiss the complaint because Kolcu's 100 pages of documents and exhibits are inconsistent with the requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that a claim must be set forth in separate numbered paragraphs that are "each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b).

Prolixity in pleading is a frequent problem and one not limited to pro se litigants. *See, e.g.*, *Wolf v. City of Sheboygan*, No. 23-CV-149, 2023 U.S. Dist. LEXIS 156172, at *8 (E.D. Wis. Sep. 5, 2023). But "undue length alone ordinarily does not justify the dismissal of an otherwise valid complaint." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). Provided the complaint is intelligible, the court and the defendant are generally obligated to cut through the weeds "and get on with the case." *See United States v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

Many of the defendants' expressed concerns—*e.g.*, that it is unclear whether Kolcu is attempting to bring claims under every legal authority he refers to and which claims are against which defendants—are mooted by the discussion above limiting the action to four claims against Verizon Communications, Inc.

Construing his complaint as comprising pages one through 31 of ECF No. 1, and the remainder as merely supplementary attachments, the complaint is sufficiently intelligible to inform Verizon Communications, Inc. of the nature of Kolcu's claims.

5. **Conclusion**

**IT IS THEREFORE ORDERED** that Kolcu's "Motion to Order for Show Cause and Enter Sanctions" (ECF No. 41) is **denied.**

**IT IS FURTHER ORDERED** that "Plaintiff's Objection to Magistrate Judge's Non-Dispositive Order (Dkt 53) – Pursuant to F.R.C.R. R. 72(a)" (ECF No. 59) is **denied**.

**IT IS FURTHER ORDERED** that "Plaintiff's Motion for Nunc Pro Tunc Order – Pursuant to F.R.C.P. R. 72(a) & Actus Curiae Neminem Gravabit" (ECF No. 62) is **denied**.

**IT IS FURTHER ORDERED** that the defendants' motion for leave to file an amended motion to dismiss (ECF No. 21) is **granted**.

**IT IS FURTHER ORDERED** that the defendants' amended motion to dismiss is **granted in part and denied in part.**

The motion is granted with respect to defendants "Verizon Business Ntwk Srvs LLC," "MCI Communications Srvs Inc.," Thomas Pietila, Joseph Glisczinksi, Mark Peeters, Corey Saffert, Verizon Business Office, Kirti Rose, Chelsea J. Meyers, Leslie Stephenson, Michael Calantone, Winsome Taik, John M Laughon, Lisa Lauture, Alice

Hsieh, Roy Piestley, and Verizon Benefits Center. These defendants are hereby dismissed from this action.

The motion is denied with respect to Verizon Communications Inc.

The motion is further denied with respect to the following claims: (1) discrimination on the basis of religion in violation of Title VII; (2) discrimination on the basis of national origin in violation of Title VII; (3) discrimination on the basis of disability in violation of the ADA; (4) retaliation under both Title VII and the ADA.

The motion is granted as to any other claim.

Dated at Milwaukee, Wisconsin this 1st day of February, 2024.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge