**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**Milwaukee Division**

| | |
|---|---|
| ALPER KOLCU,<br>      Plaintiff,<br><br>v.<br><br>VERIZON Communications, Inc. et al.<br>    Defendants, (See attached) | Case No. 23-CV-0849-WED<br><br>**COMPLAINT FOR EMPLOYMENT DISCRIMINATION**<br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S MOTION FOR CERTIFICATION OF ORDER (Dkt 69) PURSUANT TO 28 U.S.C. § 1292(b) AND FOR A STAY OF PROCEEDINGS PENDING APPEAL

Plaintiff, Alper Kolcu, hereby files this expedited motion PURSUANT TO Title 28 U.S.C. § 1292(b) With this expedited motion, Plaintiff seeks the following relief:

1. **A Certification from this Honorable Court of its Order (Dkt 69) for Interlocutory Appeal Pursuant to Title 28 U.S.C. § 1292(b)**

    A. The Court's February 2, 2024, Order Involve Controlling Questions of Law and Their Immediate Resolution May Materially Advance the Ultimate Termination of This Litigation.

    B. There Is Substantial Ground for Difference of Opinion as to the Four Controlling Questions of Law Identified in This Motion

    C. Good cause exists in this instance: as presented under Affidavits of Service (Attempted) under Dkt 5, 6,7; Plaintiff made numerous attempts to serve all Defendants following the filing of this case.

    D. Appeal Courts recognized exceptions to Title VII's named-party requirement in many cases, especially when Pro Se parties invoked the judicially-recognized exceptions to the EEOC's administrative remedies. (Way v. Mueller Brass Co., 840 F.2d 303, 307 (5th Cir. 1988))

2. **If the Court Grants §1292(b) Certification, It Should Also Stay Proceedings Pending Resolution of the Interlocutory Appeal.**

If this Court grants certification for interlocutory appeal, the Plaintiff respectfully requests that the Court stay all proceedings pending resolution of the interlocutory appeal.

3. **Conclusion**

Plaintiff respectfully requests that the Court enter an order: (1) granting certification of its Order (Dkt 69), and (2) granting Order to stay the proceedings.

# TABLE OF AUTHORITIES

**CASES**

- United States ex rel. Michaels v. Agape Senior Cmty., Inc., 848 F.3d 330, 340 (4th Cir. 2017)
- Mohawk Indus., Inc, 558 U.S. at 111
- Way v. Mueller Brass Co., 840 F.2d 303, 307 (5th Cir. 1988)

# INTRODUCTION

The Order (Dkt 69) involve "controlling question[s] of law as to which there is substantial ground for difference of opinion" and resolving them on immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). As the Supreme Court has noted, a "district court[] should not hesitate to certify an interlocutory appeal" when its ruling "involves a new legal question or is of special consequence." Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 110–11 (2009). Plaintiff feels it is exactly the case here. Indeed, it is hard to imagine a more compelling case warranting certification for interlocutory appeal when the presiding Honorable Judge Adelman had ordered the clerk of court to enter default against the

defendant, on his own order, and guided the Plaintiff to pursue a default judgement, in a similar case. (See ECF 19, Boyd v. YRC Inc, WI. E.D. Case# 2:12-cv-0021-LA)

# ARGUMENT

**A.** As explained below, this Court's February 2, 2024, Orders meet all three elements for §1292(b) certification. Moreover, those Orders present the kind of extraordinary circumstance that warrants interlocutory review since the passage of the Fed. R. Civ. P. Rule 7.1 Corporate Disclosure requirements in late 2022.

Not only the defendants are failing to satisfy the requirements of this recently revised rule, but also failing to identify their own client's legal corporate structure (Inc vs LLC), whereas, in the State of Wisconsin both entities are supplied with two different entity numbers. While treating them as one corporation might makes sense, but the defendant's counsel's failure to identify the corporate structure, merger and all relevant requirements of Rule 7.1 itself is a deviation from the related laws.

Furthermore, this Honorable Court does not recognize the service of summons and affidavits from 8 different individual process servers.

The analysis is substantially similar to determining whether an order's immediate appeal may materially advance the ultimate termination of the litigation. The latter requirement is satisfied if the immediate appeal "could advance the litigation by ending it," *Coal. For Equity & Excellence in Md. Higher Educ. v. Md. Higher Educ. Comm'n, Civil No. CCB-062773, 2015 WL 4040425, at \*7 (D. Md. June 29, 2015)* even if "other possible outcomes exist," *Kennedy v. Villa St. Catherine, Inc., No. PWG-09-3021 (WDQ), 2010 WL 9009364, at \*4 (D. Md. June 16, 2010)*, or if it could "eliminate issues" for trial or "make discovery easier and less costly," *Lynn, 953 F. Supp. 2d at 626.*

The Honorable Judge Duffin's Order involves at least three controlling questions of law: (1) The correct interpretations of Wisconsin's Long Arm Statutes in U.S. District Court; (2) whether Plaintiff invoked or at least asserted judicial exemptions to the named-party requirements of Title VII; (3) whether this Honorable Court erred in enforcing Fed. R. Civ. P. Rule 55(a), entering default against the defendant(s).

**B.** There is Substantial Ground for Difference of Opinion as to the Three Controlling Questions of Law Identified in this Motion.

## CONCLUSION

For these reasons, the Court should certify its February 2, 2024, Order for interlocutory appeal and stay proceedings pending resolution of the interlocutory appeal.

Dated: February 6, 2024.

*[signature]*

Alper Kolcu
225 N 66th St,
Milwaukee, WI, 53213

## CERTIFICATE OF SERVICE

I, Plaintiff, Alper Kolcu, proceeding as a *pro se*, do hereby certify that on February 6, 2024, I caused the following to be filed;

1. **Plaintiff's Motion to Certify ORDER (Dkt 69), and STAY PROCEEDINGS**
2. **Plaintiff's NOTICE OF APPEAL PURSUANT TO U.S.C. §1292(b)**

, using the clerk of court office in-person. I further certify that the defendants in this action, via their counsel Jackson Lewis P.C. are supplied with these documents via *U.S. Mail.*

*[signature]*

Alper Kolcu
225 N 66th St,
Milwaukee, WI, 53213