# United States District Court
## Eastern District of Wisconsin (Milwaukee)
## CIVIL DOCKET FOR CASE #: <u>2:23–cv–00849–WED</u>

| | |
|---|---|
| Kolcu v. Verizon Communications Inc et al | Date Filed: 06/26/2023 |
| Assigned to: Magistrate Judge William E Duffin | Jury Demand: Plaintiff |
| Demand: $216,000 | Nature of Suit: 442 Civil Rights: Jobs |
| Cause: 42:1983 Civil Rights Act | Jurisdiction: Federal Question |

**<u>Plaintiff</u>**

**Alper Kolcu**                    represented by    **Alper Kolcu**
225 N 66th St
Milwaukee, WI 53213
312–404–2424
PRO SE

V.

**<u>Defendant</u>**

**Verizon Communications Inc**            represented by    **Brian G Nuedling**
Jackson Lewis PC
22 E Mifflin St – Ste 800
Madison, WI 53703
608–807–5278
Fax: 608–260–0058
Email: <u>brian.nuedling@jacksonlewis.com</u>
*ATTORNEY TO BE NOTICED*

**Michaela Hendricks**
Jackson Lewis PC
22 E Mifflin St – Ste 800
Madison, WI 53703
608–807–5286
Fax: 608–260–0058
Email: <u>michaela.hendricks@jacksonlewis.com</u>
*ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**Verizon Business Ntwk Srvs LLC**            represented by    **Brian G Nuedling**
*Agent for MCI Comm Services LLC*                (See above for address)
*TERMINATED: 02/01/2024*                *ATTORNEY TO BE NOTICED*

**Michaela Hendricks**
(See above for address)
*ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**MCI Communications Srvs Inc**
*TERMINATED: 02/01/2024*

represented by **Brian G Nuedling**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michaela Hendricks**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Thomas Pietila**
*TERMINATED: 02/01/2024*

represented by **Brian G Nuedling**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michaela Hendricks**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Joseph Glisczinksi**
*TERMINATED: 02/01/2024*

represented by **Brian G Nuedling**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michaela Hendricks**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mark Peeters**
*TERMINATED: 02/01/2024*

represented by **Brian G Nuedling**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michaela Hendricks**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Marc Fisher**
*TERMINATED: 02/06/2024*

represented by **Brian G Nuedling**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michaela Hendricks**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Corey Saffert**
*TERMINATED: 02/01/2024*

represented by **Brian G Nuedling**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michaela Hendricks**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Verizon Business Office**
*VZB New Berlin*
*TERMINATED: 02/01/2024*

represented by **Brian G Nuedling**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michaela Hendricks**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kirti Rose**
*sued as Kirti (Kitty) Rose*
*TERMINATED: 02/01/2024*

represented by **Brian G Nuedling**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michaela Hendricks**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Chelsea J Meyers**
*TERMINATED: 02/01/2024*

represented by **Brian G Nuedling**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michaela Hendricks**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Leslie Stephenson**
*TERMINATED: 02/01/2024*

represented by **Brian G Nuedling**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michaela Hendricks**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Michael Calantone**
*TERMINATED: 02/01/2024*

represented by **Brian G Nuedling**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michaela Hendricks**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Winsome Taik**
*TERMINATED: 02/01/2024*

represented by **Brian G Nuedling**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michaela Hendricks**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**John M Laughon**
*TERMINATED: 02/01/2024*

represented by **Brian G Nuedling**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michaela Hendricks**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lisa Lauture**
*TERMINATED: 02/01/2024*

represented by **Brian G Nuedling**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michaela Hendricks**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Alice Hsieh**
*TERMINATED: 02/01/2024*

represented by **Brian G Nuedling**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michaela Hendricks**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Roy Piestley**
*TERMINATED: 02/01/2024*

represented by **Brian G Nuedling**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michaela Hendricks**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Verizon Benefits Center**
*TERMINATED: 02/01/2024*

represented by **Brian G Nuedling**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michaela Hendricks**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Doe 1–9**                    represented by    **Brian G Nuedling**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michaela Hendricks**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jane Doe 1–9**                    represented by    **Brian G Nuedling**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michaela Hendricks**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**ABC Companies**                    represented by    **Brian G Nuedling**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michaela Hendricks**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 06/26/2023 | 1 | | PRO SE COMPLAINT against All Defendants filed by Plaintiff Alper Kolcu. Consent forms distributed for Magistrate Judge William E Duffin. Jury Demand (Attachments: # 1 Exhibits)(amh) |
| 06/26/2023 | 2 | | MOTION for Leave to Proceed Without Prepayment of the Filing Fee by Plaintiff Alper Kolcu. (amh) |
| 06/26/2023 | 3 | | Magistrate Judge Jurisdiction Form filed by Plaintiff Alper Kolcu. (NOTICE: Pursuant to Fed.R.Civ.P. 73 this document is not viewable by the judge.) (amh) |
| 07/05/2023 | 4 | | ORDER signed by Judge Lynn Adelman on 07/05/23. IT IS ORDERED that plaintiff's request to proceed in forma pauperis is DENIED. Plaintiff shall pay the filing fee to the Clerk of Court on or before July 26, 2023. Plaintiff is advised that if he fails to do so, the court will dismiss this action for failure to pay the filing fee. (cc: all counsel and mailed to pro se party)(kmr) (Entered: 07/06/2023) |
| 07/11/2023 | | | FILING FEE Received: $402, receipt number 276I7PRO (jcl) |
| 07/12/2023 | | | |

| | | | |
|---|---|---|---|
| | | | Summons issued and service packet mailed to Pro Se Plaintiff as to All Named Defendants. (amh) |
| 08/03/2023 | 5 | | SUMMONS Returned Executed; Verizon served on 8/3/2023. (amh) (Entered: 08/04/2023) |
| 08/03/2023 | 6 | | SUMMONS Returned Executed; Verizon served on 8/3/2023. (amh) (Entered: 08/04/2023) |
| 08/03/2023 | 7 | | Receipt of Certified Mail filed by Plaintiff. (amh) (Entered: 08/04/2023) |
| 08/24/2023 | 8 | | Magistrate Judge Jurisdiction Form filed by All Defendants. (NOTICE: Pursuant to Fed.R.Civ.P. 73 this document is not viewable by the judge.) (Nuedling, Brian) |
| 08/24/2023 | 9 | | DISCLOSURE Statement by All Defendants. (Nuedling, Brian) |
| 08/24/2023 | 10 | | MOTION to Dismiss *Plaintiff's Complaint* by All Defendants. (Nuedling, Brian) |
| 08/24/2023 | 11 | | BRIEF in Support filed by All Defendants re 10 MOTION to Dismiss *Plaintiff's Complaint* . (Nuedling, Brian) |
| 08/24/2023 | 12 | | CERTIFICATE OF SERVICE by All Defendants (Nuedling, Brian) |
| 08/24/2023 | 13 | | NOTICE of Appearance by Michaela Hendricks on behalf of All Defendants. Attorney(s) appearing: Michaela A. Hendricks (Hendricks, Michaela) |
| 08/29/2023 | 14 | | ORDER REASSIGNING CASE ON CONSENT signed by Judge Lynn Adelman on 8/29/2023. Case reassigned to Magistrate Judge William E Duffin for all further proceedings. (cc: all counsel and mailed to pro se party)(amh) (Entered: 08/30/2023) |
| 09/15/2023 | 15 | | MOTION for Entry of Default by Alper Kolcu. (Attachments: # 1 Certificate of Service)(mlm) (Entered: 09/18/2023) |
| 09/15/2023 | 16 | | DECLARATION of Alper Kolcu in Support of Motioinfor Entry of Default. (Attachments: # 1 Exhibits 1–5 (bookmarked))(mlm) (Entered: 09/18/2023) |
| 09/15/2023 | 17 | | AFFIVAITS of MAILING by Alper Kolcu and Katy Bowen. (mlm) (Entered: 09/18/2023) |
| 09/21/2023 | 18 | | REQUEST by Alper Kolcu For Entry of Default. (Attachments: # 1 Exhibit, # 2 Certificate of Service)(mlm) |
| 09/21/2023 | 19 | | AFFIDAVIT of Mailing by Alper Kolcu. (mlm) |
| 10/03/2023 | 20 | | BRIEF in Opposition filed by All Defendants re 15 MOTION for Entry of Default . (Nuedling, Brian) |
| 10/03/2023 | 21 | | MOTION for Leave to File *Amended Motion to Dismiss* by All Defendants. (Nuedling, Brian) |
| 10/03/2023 | 22 | | BRIEF in Support filed by All Defendants re 21 MOTION for Leave to File *Amended Motion to Dismiss* . (Nuedling, Brian) |
| 10/03/2023 | 23 | | PROPOSED Order on Defendants' Motion for Leave to Amend filed by All Defendants. (Nuedling, Brian) |

| 10/03/2023 | 24 | | CERTIFICATE OF SERVICE by All Defendants (Nuedling, Brian) |
|---|---|---|---|
| 10/11/2023 | 25 | | ORDER signed by Magistrate Judge William E Duffin on 10/11/2023. The plaintiff Alper Kolcu will have until November 1, 2023, to serve the defendants. The court will grant the defendants' motion to dismiss as to any defendant not properly served by that date. The court will defer ruling on the defendants' motion to dismiss pursuant to Rules 8(a), 8(d)(1), 10(b), 12(b)(5), and 12(b)(6) until the defendants have been served. Kolcus motion for entry of default is DENIED. (cc: all counsel and mailed to pro se party)(mlm) |
| 10/12/2023 | 26 | | SUMMONS Returned Executed by Alper Kolcu. MCI Communications Srvs Inc served on 10/12/2023; Verizon Business Ntwk Srvs LLC served on 10/12/2023; Verizon Communications Inc served on 10/12/2023. (**MCI Communications Corporation also served; not listed as a defendant in this case.**) (Attachments: # 1 Exhibit – Process Server Bill, # 2 Exhibit – Affidavit of Service by plaintiff)(mlm) (Entered: 10/13/2023) |
| 10/12/2023 | 27 | | AFFIDAVIT of Alper Kolcu on refusal of service by Jackson Lewis PC. (mlm) (Additional attachment(s) added on 10/17/2023: # 1 proof of service) (cmb). (Entered: 10/13/2023) |
| 10/12/2023 | 29 | | MOTION for Extension of Time for Time to Serve Defendant and MOTION for Order Directing Clerk of Court to Authenticate Publications by Alper Kolcu. (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Service)(mlm) (Entered: 10/13/2023) |
| 10/13/2023 | 28 | | AFFIDAVIT of Andrew Artrip of refusal of service by CT Corp in Madison, WI. (mlm) |
| 10/17/2023 | 30 | | AFFIDAVIT OF SERVICE of Carrie Czarapta– refusal of service upon Verizon/MCI Communications at 15725 W. Ryerson Rd, New Berlin, WI. (mlm) (Entered: 10/18/2023) |
| 10/17/2023 | 31 | | AFFIDAVIT of SERVICE of Carrie Czarapta – refusal of service at CT Corp, 301 S Bedford Rd, Ste 1, Madison, WI. for MCI Communication Services. (mlm) (Entered: 10/18/2023) |
| 10/17/2023 | 32 | | AFFIDAVIT of SERVICE of Carrie Czarapta –refusal of Service upon MCI Communication Services. (mlm) (Entered: 10/18/2023) |
| 10/17/2023 | 33 | | AFFIDAVIT of SERVICE by Alper Kolcu – of documents received from Speedy Notary NJ. (mlm) (Entered: 10/18/2023) |
| 10/17/2023 | 34 | | CERTIFICATE OF SERVICE by Alper Kolcu (mlm) (Entered: 10/18/2023) |
| 10/19/2023 | 35 | | BRIEF in Opposition filed by All Defendants re 29 MOTION for Extension of Time MOTION for Order *Directing the Clerk of Court to Authenticate Publications Summons*. (Nuedling, Brian) |
| 10/19/2023 | 36 | | DECLARATION of Michaela Hendricks (Attachments: # 1 Exh. A to Declaration of M. Hendricks, # 2 Exh. B to Declaration of M. Hendricks, # 3 Exh. C to Declaration of M. Hendricks)(Nuedling, Brian) |
| 10/19/2023 | 37 | | CERTIFICATE OF SERVICE by All Defendants (Nuedling, Brian) |
| 10/20/2023 | 38 | | REPLY BRIEF in Support filed by Alper Kolcu re 29 MOTION for Extension of Time MOTION for Order. (asc) (Entered: 10/23/2023) |

| 10/20/2023 | 39 | | AFFIDAVIT of Efforts to Serve Defendants. (asc) (Entered: 10/23/2023) |
|---|---|---|---|
| 10/24/2023 | 40 | | LETTER from Brian G. Nuedling *regarding plaintiff reply brief*. (Nuedling, Brian) |
| 10/24/2023 | 41 | | MOTION for Order to Show Cause by Alper Kolcu. (Attachments: # 1 Text of Proposed Order)(mlm) |
| 10/24/2023 | 42 | | BRIEF in Opposition filed by Alper Kolcu re 21 MOTION for Leave to File *Amended Motion to Dismiss*. (Attachments: # 1 Exhibit 1)(mlm) |
| 10/24/2023 | 43 | | DECLARATION of Alper Kolcu in Support of 41 Motion for Order to Show Cause. (Attachments: # 1 Exhibits 1 & 2 – Bookmarked)(mlm) |
| 10/24/2023 | 44 | | AFFIDAVIT of Alper Kolcu in Support of Motion for Order to Show Cause. (mlm) (Main Document 44 replaced on 10/24/2023) (mlm). |
| 10/24/2023 | 45 | | CERTIFICATE OF SERVICE by Alper Kolcu (mlm) |
| 10/25/2023 | 46 | | ORDER signed by Magistrate Judge William E Duffin on 10/25/23. The plaintiff Alper Kolcu's "Motion for an Extension of Time to Serve Defendant and for Order Directing Clerk of Court to Authenticate Publications by Alper Kolcu" (ECF No. 29 ) is GRANTED IN PART and DENIED IN PART. IT IS ORDERED that Kolcu will have until December 1, 2023, to serve the defendants. (cc: all counsel and mailed to pro se party)(mlm) |
| 10/31/2023 | 47 | | MOTION for Reconsideration of Order 25 by Alper Kolcu. (Attachments: # 1 Certificate of Service)(mlm) (Entered: 11/01/2023) |
| 10/31/2023 | 48 | | BRIEF in Support filed by Alper Kolcu re 47 MOTION for Reconsideration. (Attachments: # 1 Exhibit)(mlm) (Entered: 11/01/2023) |
| 10/31/2023 | 49 | | AFFIDAVIT of Alper Kolcu. (mlm) (Entered: 11/01/2023) |
| 11/01/2023 | 50 | | PUBLICATION SUMMONS – EMPLOYMENT DISCRIMINATION from Alper Kolcu. (mlm) |
| 11/01/2023 | 51 | | AFFIDAVIT of Address for Court Records by Alper Kolcu. (Attachments: # 1 Exhibit)(mlm) |
| 11/01/2023 | 52 | | AFFIDAVIT of SERVICE – Verizon Communications, Inc. (MN) by Alper Kolcu. (Attachments: # 1 Exhibits 1–4 (bookmarked), # 2 Certificate of Service)(mlm) |
| 11/02/2023 | 53 | | ORDER signed by Magistrate Judge William E Duffin on 11/2/2023 DENYING 47 Plaintiff's Motion for Reconsideration. (cc: all counsel and mailed to pro se Plaintiff)(lz) |
| 11/06/2023 | 54 | | AFFIDAVIT of Michael Brost of service of summons and complaint upon Verizon Business Network Services LLC and MCI Communications Services LLC. (lz) (Entered: 11/07/2023) |
| 11/07/2023 | 55 | | REPLY BRIEF in Support filed by All Defendants re 21 MOTION for Leave to File *Amended Motion to Dismiss* . (Nuedling, Brian) |
| 11/07/2023 | 56 | | CERTIFICATE OF SERVICE by All Defendants (Nuedling, Brian) |
| 11/14/2023 | 57 | | |

| | | | BRIEF in Opposition filed by All Defendants re 41 MOTION for Order to Show Cause *and Enter Sanctions*. (Nuedling, Brian) |
|---|---|---|---|
| 11/14/2023 | 58 | | CERTIFICATE OF SERVICE by All Defendants (Nuedling, Brian) |
| 11/14/2023 | 59 | | OBJECTIONS by Alper Kolcu re 53 Order on Motion for Reconsideration. (mlm) (Entered: 11/15/2023) |
| 11/14/2023 | 60 | | BRIEF filed by Alper Kolcu in Support of his 59 Objections to 53 Order on Motion for Reconsideration. (mlm) (Entered: 11/15/2023) |
| 11/14/2023 | 61 | | BRIEF filed by Alper Kolcu in Support of Proposed Order re 53 Order on Motion for Reconsideration. (Attachments: # 1 Text of Proposed Order)(mlm) (Entered: 11/15/2023) |
| 11/14/2023 | 62 | | MOTION for Nunc Pro Tunc Order by Alper Kolcu. (mlm) (Entered: 11/15/2023) |
| 11/28/2023 | 63 | | BRIEF in Opposition filed by All Defendants re 47 MOTION for Reconsideration, 62 MOTION for Order *re Nuc Pro Tunc*. (Nuedling, Brian) |
| 11/28/2023 | 64 | | CERTIFICATE OF SERVICE by All Defendants (Nuedling, Brian) |
| 12/06/2023 | 65 | | AFFIDAVIT of PERSONAL SERVICE by Alper Kolcu. (Attachments: # 1 Certificate of Service)(mlm) (Entered: 12/07/2023) |
| 12/08/2023 | 66 | | REPLY BRIEF filed by Alper Kolcu in support of objection 59 and proposed nunc pro tunc Order 62 . (mlm) |
| 12/11/2023 | 67 | | SUMMONS Returned Executed by Alper Kolcu. Marc Fisher served on 11/5/2023; Joseph Glisczinksi served on 11/2/2023; Mark Peeters served on 11/5/2023; Corey Saffert served on 11/5/2023; Verizon Business Ntwk Srvs LLC c/o CT Corp. served on 11/3/2023. (Attachments: # 1 Cover Letter)(mlm) |
| 12/11/2023 | 68 | | Summons Returned Unexecuted by Alper Kolcu as to Thomas Pietila. (mlm) |
| 02/01/2024 | 69 | 12 | DECISION AND ORDER signed by Magistrate Judge William E Duffin on 2/1/2024. Kolcu's "Motion to Order for Show Cause and Enter Sanctions" (ECF No. 41 ) is denied. "Plaintiff's Objection to Magistrate Judge's Non–Dispositive Order (Dkt 53 ) Pursuant to F.R.C.R. R. 72(a)" (ECF No. 59 ) is denied. "Plaintiff's Motion for Nunc Pro Tunc Order Pursuant to F.R.C.P. R. 72(a) & Actus Curiae Neminem Gravabit" (ECF No. 62 ) is denied. Defendants' motion for leave to file an amended motion to dismiss (ECF No. 21 ) is granted. Defendants' amended motion to dismiss is granted in part and denied in part. The motion is granted with respect to defendants "Verizon Business Ntwk Srvs LLC," "MCI Communications Srvs Inc.," Thomas Pietila, Joseph Glisczinksi, Mark Peeters, Corey Saffert, Verizon Business Office, Kirti Rose, Chelsea J. Meyers, Leslie Stephenson, Michael Calantone, Winsome Taik, John M Laughon, Lisa Lauture, Alice Hsieh, Roy Piestley, and Verizon Benefits Center. These defendants are hereby dismissed from this action.The motion is denied with respect to Verizon Communications Inc. The motion is further denied with respect to the following claims: (1) discrimination on the basis of religion in violation of Title VII; (2) discrimination on the basis of national origin in violation of Title VII; (3) discrimination on the basis of disability in violation of the ADA; (4) retaliation under both Title VII and the ADA. The motion is granted as to any other claim. (cc: all counsel and mailed to pro se party)(mlm) |

| | | | |
|---|---|---|---|
| | | | (Entered: 02/02/2024) |
| 02/05/2024 | <u>70</u> | | LETTER from Brian G. Nuedling *requesting clarification on dismissed parties*. (Nuedling, Brian) |
| 02/06/2024 | 71 | | TEXT ONLY ORDER signed by Magistrate Judge William E Duffin on 2/6/2024. Marc Fisher having been inadvertently omitted from the court's prior order, he is dismissed as a defendant for the reasons set forth in ECF No. <u>69</u> . (cc: all counsel and mailed to pro se party)(mlm) |
| 02/06/2024 | <u>72</u> | 11 | NOTICE OF APPEAL as to <u>69</u> Order on Motion for Leave to File, Order on Motion for Order to Show Cause, Order on Motion to Dismiss, by Alper Kolcu. (cc: all counsel) (lmf) |
| 02/06/2024 | <u>73</u> | 28 | MOTION for Leave to Appeal Without Prepayment of the Filing Fee by Alper Kolcu. (lmf) |
| 02/06/2024 | <u>74</u> | 24 | MOTION for Certification of Order and for Stay of Proceedings Pending Appeal by Alper Kolcu. (lmf) |

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
### Milwaukee Division

| | |
|---|---|
| ALPER KOLCU, Plaintiff, | Case No. 23-CV-0849-WED |
| v. | **NOTICE OF APPEAL** |
| VERIZON Communications, INC. et al, | **EMPLOYMENT DISCRIMINATION** |
| Defendants, (See attached) | **JURY TRIAL DEMANDED** |

## NOTICE OF APPEAL Pursuant to Title 28 U.S.C. § 1292(b)

Notice is hereby respectfully given that the Plaintiff, Alper Kolcu, appeals to the United States Court of Appeals for the Seventh Circuit from the Interlocutory Order (Dkt 69) entered, by Honorable Judge William E. Duffin, in above titled action on February 6th, 2024, in the County of Milwaukee, Milwaukee, Wisconsin.

Dated this 6th day of February, 2024.

Alper Kolcu
225 N 66th St,
Milwaukee, WI, 53213

Case 2:23-cv-00849-WED Filed 02/06/24 Page 1 of 15

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALPER KOLCU,

      Plaintiff,

  v.                          **Case No. 23-CV-849**

VERIZON COMMUNICATIONS, INC, et al.,

      Defendant.

# DECISION AND ORDER

## 1. Procedural History

Alper Kolcu, proceeding pro se, filed this action on June 26, 2023. (ECF No. 1.) After Judge Adelman denied Kolcu's motion to proceed without prepayment of the filing fee, Kolcu paid the filing fee, and the Clerk's Office issued Kolcu summonses and instructions on how to serve the defendants.

The matter was reassigned to this court upon all parties consenting to the full jurisdiction of a magistrate judge. (ECF No. 3, 8, 14.) The defendants moved to dismiss Kolcu's complaint on various grounds. (ECF No. 10.) Instead of responding within 21 days as required by Civ. L.R. 7(b), Kolcu moved for default. (ECF No. 15.) The court denied that motion initially (ECF No. 25) and on reconsideration (ECF No. 53) because

Kolcu had failed to serve any of the defendants with a summons and copy of the complaint. The court ordered Kolcu to serve the defendants by November 1, 2023. (ECF No. 25.) The court then granted Kolcu's motion to extend that deadline (ECF No. 29) and gave him until December 1, 2023, to complete service (ECF No. 46).

Kolcu has also filed a document captioned, "Motion to Order for Show Cause and Enter Sanctions." (ECF No. 41.) Having reviewed Kolcu's motion, proposed order (ECF No. 41-1), and the documents submitted with it (ECF No. 43; 43-1; 44), the court finds no basis for the relief requested. Accordingly, the motion will be denied.

Kolcu also filed a document captioned, "Plaintiff's Objection to Magistrate Judge's Non-Dispositive Order (Dkt 53) – Pursuant to F.R.C.R. R. 72(a)." (ECF No. 59.) Kolcu's objection is without merit and reflects a misunderstanding of Fed. R. Civ. P. 72(a). Rule 72(a) applies only to actions under 28 U.S.C. § 636(b). Because all parties have consented to have a magistrate judge preside in this matter, 28 U.S.C. § 636(b) is inapplicable. This action is under 28 U.S.C. § 636(c).

Kolcu also filed a document captioned, "Plaintiff's Motion for Nunc Pro Tunc Order – Pursuant to F.R.C.P. R. 72(a) & Actus Curiae Neminem Gravabit." (ECF No. 62.) Again, Kolcu has failed to demonstrate that this motion has any merit. In this and many of his prior filings Kolcu attempts to challenge the court's decision denying his motion for a default. The court reiterates that no basis exists for a reconsideration of the court's order denying default, or to set it aside or otherwise alter the decision. The court cannot

enter default against a defendant who has not been served with the complaint, and Kolcu has failed to prove that he served the defendants.

Further, it is inappropriate for any party, even a party who is pro se, to repeatedly ask a court to reconsider a prior decision. Reconsideration is an extraordinary and limited remedy; asking once is more than enough. The ordinary means for error correction is an appeal to the Court of Appeals, but pursuing such relief generally must wait until the case in the district court is complete. Should Kolcu continue to persist in attempting to relitigate in this court any issue that the court has already resolved, he may be subject to sanctions.

The defendants have sought leave to file an amended motion to dismiss. (ECF No. 21.) They "seek to amend their Motion to Dismiss to correct a misnomer discovered after Plaintiff filed a Motion for Entry of Default." (ECF No. 22 at 2.) They explain that they incorrectly identified "MCI Communications Services, Inc." as "MCI Communications Services LLC." (ECF No. 22 at 2.)

Kolcu filed a brief in opposition to the motion but has failed to establish a reasonable basis for denying the motion. (ECF No. 42.) Much of his response is devoted to unrelated issues that are not properly before the court. He inappropriately relies on Fed. R. Civ. P. 15, which applies to pleadings. A motion to dismiss is not a pleading. *See* Fed. R. Civ. P. 7(a). He also asserts that he would be prejudiced if the court were to allow the amendment, but he has failed to demonstrate prejudice.

3

Because the defendants have demonstrated good cause and Kolcu would not be prejudiced, the court will grant the defendants' motion to amend their motion to dismiss. The court will accept the previously filed motion to dismiss as having been constructively amended so that any reference to "MCI Communications Services LLC" will refer to "MCI Communications Services Inc."

## 2. Motion to Dismiss – Sufficiency of Service

Turning to the defendants' motion to dismiss, the court first addresses whether each defendant has been properly served with a summons and the complaint.

"A defendant may enforce the service of process requirements through a pretrial motion to dismiss." *Cardenas v. City of Chi.*, 646 F.3d 1001, 1005 (7th Cir. 2011) (citing Fed. R. Civ. P. 12(b)(5)). "The plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service." *Id*. If the court finds that the plaintiff has not properly served a defendant and lacks good cause for failing to do so, the court must either dismiss the action against any defendant who was not properly served or specify a deadline by which the plaintiff must serve the defendant. *Id.* (citing Fed. R. Civ. P. 4(m)).

The court has not identified in the record proof of service on the following defendants: Thomas Pietila, Verizon Business Office, Kirti Rose, Chelsea J. Meyers, Leslie Stephenson, Michael Calantone, Winsome Taik, John M. Laughon, Lisa Lauture, Alice Hsieh, Roy Piestley, and Verizon Benefits Center. The court having twice extended

the time within which Kolcu was to serve all defendants, and Kolcu having failed to request (much less show good cause for) any further extension, the complaint against these defendants is dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) and 12(b)(5). Moreover, as discussed below, even if these persons and entities were served, dismissal would be proper because Kolcu has failed to allege a plausible claim against any of them.

Kolcu has provided proof of service on Joseph Glisczinksi (ECF Nos. 65 at 2; 67 at 2); Mark Peeters (ECF Nos. 65 at 3; 67 at 4); Marc Fisher (ECF Nos. 65 at 1; 67 at 3); and Corey Saffert (ECF Nos. 65 at 4; 67 at 5), and the court has not been presented with any reason to find that service was improper. Defendant "Verizon Business Ntwk Srvs LLC" appears to have been served twice (and proof filed three times). (ECF Nos. 54 at 1; 65 at 5; 67 at 1.)

There is no record of "MCI Communications Srvs Inc." having been served, but "MCI Communications Services, LLC" was served through its registered agent on October 19, 2023. (ECF No. 54 at 2.)

Finally, there is no evidence that Verizon Communications, Inc. was personally served. (*See* ECF No. 54 at 1.) However, Kolcu submitted documents from the Wisconsin Department of Financial Institutions (WDFI) indicating that Verizon Communications, Inc. identified its registered agent as being located at an office in Minneapolis. (ECF No. 52-1 at 5.) Kolcu submitted documents from a process server who went to that address

and found it to be occupied by an unrelated law firm, which refused service. (ECF No. 52-1 at 3-6.) Kolcu avers that he mailed the summons and complaint by certified mail to that same office suite and also to defense counsel in this action. (ECF Nos. 52; 52-1 at 7-8.)

When a corporation's registered agent cannot be identified or served with reasonable diligence, mailing a copy of the summons and complaint by certified mail to the address on record with the WDFI may be sufficient to perfect service. *See* Wis. Stat. § 180.0504(2). However, the WDFI record that Kolcu submitted indicated that Verizon Communications, Inc.'s status is listed as "withdrawal" and has been since 2000. (ECF No. 52-1 at 5.) The meaning or consequence of that designation is unclear.

Subsequent to Kolcu's service efforts discussed above, Verizon Communications, Inc. has not raised any argument that service on it was ineffective. The plaintiff having made a showing of proper service and, in the absence of an argument from this defendant that these efforts were improper, the court finds that it has jurisdiction to address the pending motion as to Verizon Communications, Inc..

### 3. Motion to Dismiss – Failure to State a Claim

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure a defendant may move to dismiss a claim on the ground that the plaintiff has failed to "state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. "Even after *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, and *Ashcroft v. Iqbal*, 556 U.S. 662, a complaint in federal court pleads claims, not facts." *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021).

In resolving a motion to dismiss under Rule 12(b)(6), the court ordinarily may consider only the pleadings (including documents attached to the pleadings, Fed. R. Civ. P. 10(c)). However, the court can also consider documents referred to in the plaintiff's complaint that are central to a claim. *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994); *see also Gociman v. Loyola Univ. of Chicago*, 41 F.4th 873, 881 (7th Cir. 2022) ("In evaluating the sufficiency of the complaint, we consider documents integral to the complaint that might aid in determining whether a plaintiff is entitled to relief."). At this stage the court accepts as true all the well-pleaded allegations in the amended complaint and draws all reasonable inferences against the defendants. *Lodholtz v. York Risk Servs. Grp.*, 778 F.3d 635, 639 (7th Cir. 2015).

Turning to the substance of Kolcu's complaint, he checked the boxes to allege that the defendants discriminated against him based on his religion, national origin, age,

and disability. (ECF No. 1 at 5.) Thus, he has alleged claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 (ADEA), and Title I of the Americans with Disabilities Act of 1990 (ADA).

A plaintiff can bring a claim under Title VII, the ADEA, or Title I of the ADA only after exhausting his administrative remedies. 29 U.S.C. § 626(d); 42 U.S.C. §§ 12117(a), 2000e-5(f)(1); *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019) (Title VII); *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 600 (7th Cir. 2009) (ADA). Only those the plaintiff named as respondents in the administrative complaint can be named as defendants in his lawsuit, and a lawsuit may include only those claims he presented in his administrative complaint. *Chaidez*, 937 F.3d at 1004 (quoting *Geldon v. S. Milwaukee Sch. Dist.*, 414 F.3d 817, 819 (7th Cir. 2005)).

Kolcu filed his charge of discrimination on April 29, 2021. (ECF No. 1 at 33.) He filed a subsequent charge on November 9, 2021, alleging that he was discharged in retaliation for filing his prior complaint. (ECF No. 1 at 37.) In both complaints Kolcu named "Verizon Communications Inc." as his employer, which was the only respondent. (ECF No. 1 at 33, 37.) Therefore, Verizon Communications, Inc. alone is the appropriate defendant in the present action.

This result would be the same even if Kolcu had named as respondents all the other persons and entities he named as defendants in this action (and if he had properly served them). Only an employer is liable under Title VII or Title I of the ADA, *Gastineau*

*v. Fleet Mortg. Corp.*, 137 F.3d 490, 493 (7th Cir. 1998); 42 U.S.C. § 2000e(b), and Kolcu has adequately alleged that only Verizon Communications, Inc. was his employer. An individual—whether coworker, supervisor, or manager—is not personally liable for employment discrimination under the ADA, ADEA, or Title VII. *See Horwitz v. Bd. of Educ.*, 260 F.3d 602, 610 n.2 (7th Cir. 2001); *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000); *Gastineau*, 137 F.3d at 493. It is also an inconsequential distinction. A plaintiff can recover only once for a wrong and thus does not increase his recovery by naming more persons as defendants.

Kolcu's claims against Verizon Communications, Inc., however, are limited to claims of discrimination on the basis of religion and national origin under Title VII, disability under the ADA, and retaliation under both the ADA and Title VII because those are the only claims he presented in his administrative charges. (ECF No. 1 at 33, 37.) Kolcu cannot proceed with any other claim, including a claim under the ADEA, because he did not exhaust his administrative remedies as to those claims.[1]

4. **Motion to Dismiss – Fed. R. Civ. P. 8, 10, and Civ. L.R. 10 (E.D. Wis).**

Kolcu's complaint contains only four claims: (1) discrimination on the basis of religion in violation of Title VII; (2) discrimination on the basis of national origin in violation of Title VII; (3) discrimination on the basis of disability in violation of the

---

[1] In any event, Kolcu states he was born in 1983 (ECF No. 1 at 5), and therefore he would not have been at least 40 years of age in the relevant period between October 1, 2019 (ECF No. 1 at 33) and October 28, 2021 (ECF No. 1 at 37). Consequently, he would not have been protected by the ADEA, *see* 29 U.S.C. § 631(a).

ADA; and (4) retaliation under both Title VII and the ADA. These four claims are against Verizon Communications, Inc. alone.

Verizon Communications, Inc. argues that the court must dismiss the complaint because Kolcu's 100 pages of documents and exhibits are inconsistent with the requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that a claim must be set forth in separate numbered paragraphs that are "each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b).

Prolixity in pleading is a frequent problem and one not limited to pro se litigants. *See, e.g.*, *Wolf v. City of Sheboygan*, No. 23-CV-149, 2023 U.S. Dist. LEXIS 156172, at *8 (E.D. Wis. Sep. 5, 2023). But "undue length alone ordinarily does not justify the dismissal of an otherwise valid complaint." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). Provided the complaint is intelligible, the court and the defendant are generally obligated to cut through the weeds "and get on with the case." *See United States v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

Many of the defendants' expressed concerns—*e.g.*, that it is unclear whether Kolcu is attempting to bring claims under every legal authority he refers to and which claims are against which defendants—are mooted by the discussion above limiting the action to four claims against Verizon Communications, Inc.

Construing his complaint as comprising pages one through 31 of ECF No. 1, and the remainder as merely supplementary attachments, the complaint is sufficiently intelligible to inform Verizon Communications, Inc. of the nature of Kolcu's claims.

**5. Conclusion**

**IT IS THEREFORE ORDERED** that Kolcu's "Motion to Order for Show Cause and Enter Sanctions" (ECF No. 41) is **denied.**

**IT IS FURTHER ORDERED** that "Plaintiff's Objection to Magistrate Judge's Non-Dispositive Order (Dkt 53) – Pursuant to F.R.C.R. R. 72(a)" (ECF No. 59) is **denied**.

**IT IS FURTHER ORDERED** that "Plaintiff's Motion for Nunc Pro Tunc Order – Pursuant to F.R.C.P. R. 72(a) & Actus Curiae Neminem Gravabit" (ECF No. 62) is **denied**.

**IT IS FURTHER ORDERED** that the defendants' motion for leave to file an amended motion to dismiss (ECF No. 21) is **granted**.

**IT IS FURTHER ORDERED** that the defendants' amended motion to dismiss is **granted in part and denied in part.**

The motion is granted with respect to defendants "Verizon Business Ntwk Srvs LLC," "MCI Communications Srvs Inc.," Thomas Pietila, Joseph Glisczinksi, Mark Peeters, Corey Saffert, Verizon Business Office, Kirti Rose, Chelsea J. Meyers, Leslie Stephenson, Michael Calantone, Winsome Taik, John M Laughon, Lisa Lauture, Alice

Hsieh, Roy Piestley, and Verizon Benefits Center. These defendants are hereby dismissed from this action.

The motion is denied with respect to Verizon Communications Inc.

The motion is further denied with respect to the following claims: (1) discrimination on the basis of religion in violation of Title VII; (2) discrimination on the basis of national origin in violation of Title VII; (3) discrimination on the basis of disability in violation of the ADA; (4) retaliation under both Title VII and the ADA.

The motion is granted as to any other claim.

Dated at Milwaukee, Wisconsin this 1st day of February, 2024.

WILLIAM E. DUFFIN
U.S. Magistrate Judge

| | |
|---|---|
| ALPER KOLCU,<br>            Plaintiff,<br><br>        v.<br><br>VERIZON Communications, Inc. et al.<br>        Defendants, (See attached) | Case No. 23-CV-0849-WED<br><br>**COMPLAINT FOR EMPLOYMENT DISCRIMINATION**<br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S MOTION FOR CERTIFICATION OF ORDER (Dkt 69) PURSUANT TO 28 U.S.C. § 1292(b) AND FOR A STAY OF PROCEEDINGS PENDING APPEAL

Plaintiff, Alper Kolcu, hereby files this expedited motion PURSUANT TO Title 28

U.S.C. § 1292(b) With this expedited motion, Plaintiff seeks the following relief:

1. **A Certification from this Honorable Court of its Order (Dkt 69) for Interlocutory Appeal Pursuant to Title 28 U.S.C. § 1292(b)**

   A. The Court's February 2, 2024, Order Involve Controlling Questions of Law and Their Immediate Resolution May Materially Advance the Ultimate Termination of This Litigation.

   B. There Is Substantial Ground for Difference of Opinion as to the Four Controlling Questions of Law Identified in This Motion

   C. Good cause exists in this instance: as presented under Affidavits of Service (Attempted) under Dkt 5, 6,7; Plaintiff made numerous attempts to serve all Defendants following the filing of this case.

   D. Appeal Courts recognized exceptions to Title VII's named-party requirement in many cases, especially when Pro Se parties invoked the judicially-recognized exceptions to the EEOC's administrative remedies. (Way v. Mueller Brass Co., 840 F.2d 303, 307 (5th Cir. 1988))

2. **If the Court Grants §1292(b) Certification, It Should Also Stay Proceedings Pending Resolution of the Interlocutory Appeal.**

If this Court grants certification for interlocutory appeal, the Plaintiff respectfully requests that the Court stay all proceedings pending resolution of the interlocutory appeal.

3. **Conclusion**

Plaintiff respectfully requests that the Court enter an order: (1) granting certification of its Order (Dkt 69), and (2) granting Order to stay the proceedings.

# TABLE OF AUTHORITIES

**CASES**

- United States ex rel. Michaels v. Agape Senior Cmty., Inc., 848 F.3d 330, 340 (4th Cir. 2017)

- Mohawk Indus., Inc, 558 U.S. at 111

- Way v. Mueller Brass Co., 840 F.2d 303, 307 (5th Cir. 1988)

# INTRODUCTION

The Order (Dkt 69) involve "controlling question[s] of law as to which there is substantial ground for difference of opinion" and resolving them on immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). As the Supreme Court has noted, a "district court[] should not hesitate to certify an interlocutory appeal" when its ruling "involves a new legal question or is of special consequence." Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 110–11 (2009). Plaintiff feels it is exactly the case here. Indeed, it is hard to imagine a more compelling case warranting certification for interlocutory appeal when the presiding Honorable Judge Adelman had ordered the clerk of court to enter default against the

defendant, on his own order, and guided the Plaintiff to pursue a default judgement, in a similar case. (See ECF 19, Boyd v. YRC Inc, WI. E.D. Case# 2:12-cv-0021-LA)

# ARGUMENT

**A.** As explained below, this Court's February 2, 2024, Orders meet all three elements for §1292(b) certification. Moreover, those Orders present the kind of extraordinary circumstance that warrants interlocutory review since the passage of the Fed. R. Civ. P. Rule 7.1 Corporate Disclosure requirements in late 2022.

Not only the defendants are failing to satisfy the requirements of this recently revised rule, but also failing to identify their own client's legal corporate structure (Inc vs LLC), whereas, in the State of Wisconsin both entities are supplied with two different entity numbers. While treating them as one corporation might makes sense, but the defendant's counsel's failure to identify the corporate structure, merger and all relevant requirements of Rule 7.1 itself is a deviation from the related laws.

Furthermore, this Honorable Court does not recognize the service of summons and affidavits from 8 different individual process servers.

The analysis is substantially similar to determining whether an order's immediate appeal may materially advance the ultimate termination of the litigation. The latter requirement is satisfied if the immediate appeal "could advance the litigation by ending it," *Coal. For Equity & Excellence in Md. Higher Educ. v. Md. Higher Educ. Comm'n, Civil No. CCB-062773, 2015 WL 4040425, at \*7 (D. Md. June 29, 2015) even if "other possible outcomes exist," Kennedy v. Villa St. Catherine, Inc., No. PWG-09-3021 (WDQ), 2010 WL 9009364, at \*4 (D. Md. June 16, 2010), or if it could "eliminate issues" for trial or "make discovery easier and less costly," Lynn, 953 F. Supp. 2d at 626.*

The Honorable Judge Duffin's Order involves at least three controlling questions of law: (1) The correct interpretations of Wisconsin's Long Arm Statutes in U.S. District Court; (2) whether Plaintiff invoked or at least asserted judicial exemptions to the named-party requirements of Title VII; (3) whether this Honorable Court erred in enforcing Fed. R. Civ. P. Rule 55(a), entering default against the defendant(s).

**B.** There is Substantial Ground for Difference of Opinion as to the Three Controlling Questions of Law Identified in this Motion.

# CONCLUSION

For these reasons, the Court should certify its February 2, 2024, Order for interlocutory appeal and stay proceedings pending resolution of the interlocutory appeal.

Dated: February 6, 2024.

Alper Kolcu
225 N 66th St,
Milwaukee, WI, 53213

# CERTIFICATE OF SERVICE

I, Plaintiff, Alper Kolcu, proceeding as a *pro se*, do hereby certify that on February 6, 2024, I caused the following to be filed;

1. **Plaintiff's Motion to Certify ORDER (Dkt 69), and STAY PROCEEDINGS**

2. **Plaintiff's NOTICE OF APPEAL PURSUANT TO U.S.C. §1292(b)**

, using the clerk of court office in-person. I further certify that the defendants in this action, via their counsel Jackson Lewis P.C. are supplied with these documents via *U.S. Mail.*

Alper Kolcu
225 N 66th St,
Milwaukee, WI, 53213

Alper Kolcu

_____

Plaintiff

v.

Verizon Communications, Inc

_____

Defendant

)
)
)
)
)
)
)
)
)
)

Case No. 23-cv-0849-WED

**AFFIDAVIT ACCOMPANYING MOTION
FOR PERMISSION TO APPEAL IN FORMA PAUPERIS**

| Affidavit in Support of Motion | Instructions |
|---|---|
| I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C. § 1621.) | Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write in that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number. |

Signed: _____      Date: 02/06/2024

My issues on appeal are: Interlocutory Appeal pursuant to
Title 28 U.S.C. §1292(b)
1) Wisconsin's Long Arm Statute's Applicability do my case
2) Whether I, as Pro Se, can invoke Judicial exemptions to EEOC's named-party requirements
3) Whether Hon. Judge Duffin erred in enforcing F.R.C.P. R55(a)

1. *For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.*

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You (Single) | Spouse | You | Spouse |
| Employment | $ 10,000.⁰⁰ | $ | $ 10,000 | $ |
| Self-employment | $ — | $ | $ | $ |
| Income from real property (such as rental income) | $ — | $ | $ | $ |
| Interest and dividends | $ — | $ | $ | $ |
| Gifts | $ — | $ | $ | $ |
| Alimony | $ — | $ | $ | $ |
| Child support | $ — | $ | $ | $ |
| Retirement (such as social security, pensions, annuities, insurance) | $ — | $ | $ | $ |
| Disability (such as social security, insurance payments) | $ — | $ | $ | $ |
| Unemployment payments | $ — | $ | $ | $ |
| Public-assistance (such as welfare) | $ — | $ | $ | $ |
| Other (specify): | $ — | $ | $ | $ |
| **Total monthly income:** | $ 10,000.00 | $ | $ 10,000.00 | $ |

2.  *List your employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| ZiM Group | 118 S Clinton St, Chicago | 02/2023 - Current | $ 10,000.00 |
| Adesta | 565 Willowbrook Pkwy, Willowbrook, IL | 01/2022 - 12/2022 | $ 10,000.00 |
| Verizon | W Ryerson Rd, New Berlin | 05/2019 - 12/2021 | $ 8,000.00 |

3.   List your spouse's employment history for the past two years, most recent employer first.
     (Gross monthly pay is before taxes or other deductions.) *Divorced*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
|  |  |  | $ |
|  |  |  | $ |
|  |  |  | $ |

4.   How much cash do you and your spouse have? $ _0.00_

     Below, state any money you or your spouse have in bank accounts or in any other
     financial institution.

| Financial Institution | Type of Account | Amount you have | Amount your spouse has |
|---|---|---|---|
| PNC Bank | Savings | $ 0 | $ |
| Venmo | Checking | $ 400.00 | $ |
|  |  | $ | $ |

**If you are a prisoner seeking to appeal a judgment in a civil action or proceeding, you must
attach a statement certified by the appropriate institutional officer showing all receipts,
expenditures, and balances during the last six months in your institutional accounts. If you
have multiple accounts, perhaps because you have been in multiple institutions, attach one
certified statement of each account.**

5.   List the assets, and their values, which you own or your spouse owns. Do not list clothing
     and ordinary household furnishings.

| Home | Other real estate | Motor vehicle #1 |
|---|---|---|
| (Value) $ $150,000.00 | (Value) $ — | (Value) $ 500.00 |
|  |  | Make and year: 2007 |
|  |  | Model: Chrysler Aspen |
|  |  | Registration #: ASW-1961 |

| Motor vehicle #2 | Other assets | Other assets |
| --- | --- | --- |
| (Value) $ | (Value) $ | (Value) $ |
| Make and year: | | |
| Model: | | |
| Registration #: | | |

6.    State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
| --- | --- | --- |
| N/A | $ 0 | $ |
| | $ | $ |
| | $ | $ |
| | $ | $ |

7.    State the persons who rely on you or your spouse for support.

| Name [or, if under 18, initials only] | Relationship | Age |
| --- | --- | --- |
| N/A | N/A | — |
| | | — |
| | | — |

8.    Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.

| | You | Your Spouse |
| --- | --- | --- |
| Rent or home-mortgage payment (include lot rented for mobile home)<br>    Are real estate taxes included?    [ ] Yes [X] No<br>    Is property insurance included?    [ ] Yes [X] No | $ 1,600.00 | $ |

| | | |
|---|---|---|
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ 250 | $ |
| Home maintenance (repairs and upkeep) | $ 300 | $ |
| Food | $ 600 | $ |
| Clothing | $ 200 | $ |
| Laundry and dry-cleaning | $ 200 | $ |
| Medical and dental expenses | $ 1,000 | $ |
| Transportation (not including motor vehicle payments) | $ 750 | $ |
| Recreation, entertainment, newspapers, magazines, etc. | $ 150 | $ |
| Insurance (not deducted from wages or included in mortgage payments) | | |
|     Homeowner's or renter's: | $ 150 | $ |
|     Life: | $ 50 | $ |
|     Health: | $ 250 | $ |
|     Motor vehicle: | $ 150 | $ |
|     Other: | $ | $ |
| Taxes (not deducted from wages or included in mortgage payments) (specify): | $ 300 | $ |
| Installment payments | | |
|     Motor Vehicle: | $ 200 | $ |
|     Credit card (name): | $ 100 | $ |
|     Department store (name): | $ 100 | $ |
|     Other: Chapter 13 | $ 1,750 | $ |
| Alimony, maintenance, and support paid to others | $ 1,000.00 | $ |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $ 500 | $ |
| Other (specify): Son with Disability, Caregiver | $ 4,000.00 | $ |
| **Total monthly expenses:** | $ 9,000.00 | $ |

9. *Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?*

   [ ] Yes [X] No          If yes, describe on an attached sheet.

10. *Have you spent — or will you be spending — any money for expenses or attorney fees in connection with this lawsuit?* [X] Yes [ ] No

    *If yes, how much?* $ 2,000.00

11. *Provide any other information that will help explain why you cannot pay the docket fees for your appeal.*

    I am going through bankruptcy and every penny
    Is accounted for. I am having hard time making payment

12. *State the city and state of your legal residence.*

    *Your daytime phone number:* (312) 404-2424

    *Your age:* 41    *Your years of schooling:* 12

    *Last four digits of your social-security number:* 0229