# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALPER KOLCU,

    Plaintiff,

v.                                     Case No. 23-CV-849

VERIZON COMMUNICATIONS, INC.,

    Defendant.

# ORDER

When Alper Kolcu filed this action he named 19 individuals and entities as defendants. The defendants moved to dismiss the complaint. When Kolcu failed to respond to that motion, the court granted it with respect to all but one of the defendants. Kolcu failed to prove that he served many of the defendants. He also failed to prove that he had any plausible claim against any defendant other than Verizon Communications, Inc. both because they were not named as respondents in his EEOC claim and because they were not his employer under Title VII of the Civil Rights Act of 1964 or Title I of the Americans with Disabilities Act of 1990 (ADA). The court dismissed his claim under the Age Discrimination in Employment Act of 1967 (ADEA)

because he did not include it in his administrative claim (and he was not at least 40 years old at the time of the relevant events).

Kolcu now asks for leave to pursue an interlocutory appeal under 28 U.S.C. § 1292(b). (ECF No. 74.) "There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation. There is also a nonstatutory requirement: the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed." *Ahrenholz v. Bd. of Trs.*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original); *see also Boone v. Ill. Dep't of Corr.*, 71 F.4th 622, 625 (7th Cir. 2023) ("We may accept interlocutory appeals only if they present questions of law that are controlling and contestable, the resolution of which would speed up the litigation.").

Kolcu argues that interlocutory review is appropriate because of defects in Verizon's Fed. R. Civ. P. 7.1 disclosure statement. (ECF No. 74 at 3.) But he does not present any authority suggesting that Rule 7.1 vests an opponent any substantive right. Rather, Rule 7.1 exists for the benefit of the court; it enables the court to assess its jurisdiction, Fed. R. Civ. P. 7.1(a)(2), and to determine whether it has any conflict of interest, Fed. R. Civ. P. 7.1(a)(1).

Kolcu also states that an interlocutory appeal is appropriate because the court "does not recognize the service of summons and affidavits from 8 different individual

process servers." (ECF No. 74 at 3.) Because this is the extent of his argument, the nature of his argument is unclear. Insofar as he is arguing that the court erred in its analysis regarding the sufficiency of the service against any defendant, Kolcu has failed to show that the issue is a legal dispute within the scope of 28 U.S.C. § 1292(b) or that it is material. Kolcu had no plausible claim against any defendant other than Verizon, and therefore would not have been entitled to default judgment even if he proved that service was appropriate.

Kolcu also states that an interlocutory appeal is appropriate to address the following issues: "(1) The correct interpretations of Wisconsin's Long Arm Statutes in U.S. District Court; (2) whether Plaintiff invoked or at least asserted judicial exemptions to the named-party requirements of Title VII; (3) whether this Honorable Court erred in enforcing Fed. R. Civ. P. Rule 55(a), entering default against the defendant(s)." (ECF No. 74 at 4.)

Kolcu's reference to Wisconsin's Long Arm Statutes is undeveloped and unclear. In short, he has not shown that an interlocutory appeal is appropriate on that basis. As for whether "Plaintiff invoked or at least asserted judicial exemptions to the named-party requirements of Title VII," this is not a legal question meriting interlocutory review. Moreover, Kolcu forfeited any such argument by failing to respond to the defendants' motion to dismiss. And whether the court should have entered default under Rule 55 is again not a legal question suitable for interlocutory review. Because

Kolcu had failed to prove that he served the defendants, default was inappropriate. In any event, default judgment would not have been appropriate against any of the dismissed defendants because the complaint failed to allege any plausible claim against them.

Accordingly, the court finds that its orders do not "involve[] a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Therefore, Kolcu's motion is **denied**.

Kolcu also seeks leave to appeal without prepayment of the filing fee. (ECF No. 73.) The motion is **denied**. Based on the information contained in his financial affidavit, Kolcu is not indigent. He reports earning $10,000 per month. A person who earns a substantial income is not rendered indigent simply because he spends everything he earns.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 7th day of February, 2024.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge