UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ALPER KOLCU,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>VERIZON COMMUNICATIONS, INC.,<br><br>　　　　　　　Defendant. | Case No. 23-CV-00849 |

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S OBJECTIONS
TO DECISION AND ORDER (ECF 69) AND ORDER (ECF 78)**

**INTRODUCTION**

Plaintiff, Alper Kolcu ("Plaintiff"), has filed numerous motions and other filings since commencing his lawsuit against nineteen (19) corporate and individual defendants (as well as "John Doe 1-9," "Jane Doe 1-9," and "ABC Companies") on June 23, 2023. (ECF No. 1.) In multiple instances since the outset of this case, he has litigated service of process, personal liability, and references to MCI Communications. Though this Court has consistently declined to grant the relief that Plaintiff is seeking, he continues to show an unwillingness to take "no" for an answer. Once again, in Plaintiff's most-recent filing ("Plaintiff's Objections to This Honorable Court's Partial Dismissal Order (ECF 69) and Order (ECF 78)"), he revisits old ground and attempts to change the outcome of previously decided matters, though he brings no basis for a different result. He seems to hope that persistence will pay off. But the "squeaky wheel" is not the standard. Neither is simple disagreement with the outcome. Regardless of the strategy, Plaintiff has not identified

1

any basis whatsoever to reconsider or revise this Court's conclusions and Orders in ECF 69 and ECF 78. Therefore, Plaintiff's objections should be overruled.

## RELEVANT PROCEDURAL HISTORY

On February 1, 2024, this Court issued a ruling on Defendants' Rule 12 Motion. (ECF No. 69.) The Court dismissed all of the individual defendants, as well as all of the corporate entities with the exception of Verizon Communications, Inc. (*Id.*) Further, the Court held that Plaintiff's claims were limited to alleged discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") (on the bases of national origin and religion) and the Americans with Disabilities Act ("ADA"), and retaliation under Title VII and the ADA.

On February 6, 2024, Plaintiff sought leave to pursue an interlocutory appeal under 28 U.S.C. § 1292(b) and a corresponding stay of proceedings pending appeal. The Court denied Plaintiff's motion, finding that "its orders do not "involve[] a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" (ECF No. 78, pg. 4.)

Asserting "mistake," "excusable neglect," "omission," and "oversight," Plaintiff now asks this Court to restore the individual defendants "until further discovery is available." (ECF No. 81, pg. 10). Plaintiff further asserts that MCI Communications should be returned to the lawsuit, as the Court "erred by substituting a whole different entity in lieu of the original hiring entity" when the Court permitted Defendants to amend their Motion to Dismiss. (*Id.* at pg. 14.)

For several reasons, as set forth below, Plaintiff simply reasserts arguments he has made previously. He fails to show that this Court erred as a matter of law or in a manner that would warrant reversal of the Court's orders. He presents only disagreement with the Court's actions, which he attempts to bolster with federal rules that are misapplied in the context of his objections.

2

The result is that this Court is being asked to further expend its limited resources on matters that have already been considered and ruled upon, with no basis for changing the outcome. This is neither time well spent nor an exercise that will further the interests of justice. Instead, it does nothing but bring further delays to relatively straightforward litigation that has been obstructed by Plaintiff's flurry of motions and repetitious pleas for relief. Plaintiff's objections are without basis or merit. Therefore, they should be denied.

## ARGUMENT

### A. Plaintiff Brings No Sustainable Objections Under Federal Rule 46.

Plaintiff brings his objections pursuant to Federal Rule of Civil Procedure 46.[1] Though he references other rules, he asserts, "Plaintiff proffers the following in good faith, and only on the grounds permitted by Rule 46 Fed. R. Civ. P." (ECF No. 81, pg. 1.) Rule 46 provides that "[w]hen the ruling or order is requested or made, a party need only state the action that it wants the court to take or objects to, *along with the grounds for the request or objection*." (emphasis added.) The purpose of Rule 46 is to allow the court to reconsider its rulings so that it may correct its own possible errors. *Ries v. Lynskey*, 452 F.2d 172, 179 (7th Cir. 1971). By bringing objections, the goal is to prevent reversals and new trials that might occur if the errors are not brought to the court's attention. *See, e.g., Steinhauser v. Hertz Corp.*, 421 F.2d 1169, 1173 (2d Cir. 1970).

Here, Plaintiff cites "mistake," "excusable neglect," "omission," and "oversight" as the grounds for his objections. (ECF No. 81, pg.1.) But he fails to cite any authority applying such

---

[1] Plaintiff also appears to be following the briefing deadlines in Rule 72(b)(2). Specifically, he asserts, "Pursuant to Rule 46 Fed. R. Civ. P., Plaintiff was allowed fourteen (14) days to file objections (also see Rules 60 (a) and 72 (b)(2)). Based on the time calculation from Rule 6 Fed. R. Civ. P., this fourteen-day window, plus 3 days for Pro Se mail delivery, will close on February 20, 2024. Thus, these objections are timely." (ECF No. 81, pg. 7.) Rule 72(b)(2) states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." However, in its Decision and Order, the Court noted that Rule 72 applies only to actions under 28 U.S.C. § 636(b). (ECF No. 69, pg. 2.) As the Parties have consented to magistrate jurisdiction, this action is properly under 28 U.S.C. § 636(c). However, to the extent that Rule 72 is applicable, Defendant applies the fourteen-day response period set forth in Rule 72(b)(2).

3

grounds to a Rule 46 analysis. Even if relevant, he fails to analyze these concepts or make a showing that his objections are anything more than simple disagreement with the Court's conclusions. Finally, he fails to demonstrate that the Court's conclusions are so objectively erroneous that appellate review is likely to result in reversals, or a new trial, if left uncorrected. It is Plaintiff's burden to show that there is legal support for his objections and the relief he is seeking. He fails to do this. Thus, Plaintiff's objections should be overruled.

      **B.    Plaintiff's Objections Are Supported Only By Irrelevant Information That Cannot Be The Basis For Changing The Court's Rulings.**

Similar to his other filings, Plaintiff attempts to support his objections by referencing unrelated Federal Rules of Civil Procedure, codes, and statutes. Though he fails to explain their significance, it is very clear that they are irrelevant to his filing and fail to lend any support for his objections.

For example, on Page 2 of his objections (ECF No. 81), Plaintiff quotes portions of Rules 25, 38, and 39. Rule 25 is inapplicable, as there has been no substitution of parties in this case, including on the bases of death, incompetency, or transfer of interest. Rule 38(a) addresses the preservation of the constitutional right to a trial by jury; Rule 39(a) discusses jury trial by demand. As Plaintiff's objections do not raise any jury issues, these rules are not appliable. Similarly, Page 3 of Plaintiff's objections includes references to Rule 41(dismissal of actions), Rule 59 (motions for a new trial, or to alter or amend a judgment), and Rule 72 (which, as noted above, is not applicable). This case is nowhere close to trial, and it has not been subject to a judgment or dismissal. Rule 60(a), also recounted in Plaintiff's objections, relates to the correction of clerical mistakes or errors "arising from oversight or omission." Plaintiff's objections seek substantive relief, not the mere correction of a clerical error or mistake. Plaintiff misapplies Rule 72(a) and

4

Eleventh Circuit case law, which cannot be the "legal standard of review" for this matter. (ECF No. 81, Pg. 15.)

Other citations by Plaintiff are similarly non-responsive and cannot sustain his objections or otherwise bring about a different result. Plaintiff cites 42 U.S.C. § 1981a, but his discrimination claims are brought under Title VII and the ADA. (ECF No. 81, pg. 4.) He cites 28 U.S.C. § 636(c), but he references only the section that relates to appellate review of a judgment. (*Id.*) Plaintiff further cites Wis. Stat. § 102.03, a section of the Worker's Compensation Act that sets forth the conditions of employer liability. Of course, this has no bearing on whether certain defendants should be restored to this action or whether personal liability would apply. Finally, Plaintiff attempts to buttress his objections through a list of citations to case law from other circuits (Third, Ninth, Tenth, and Eleventh) that are not given context and are not binding on this Court (ECF No. 81, pg. 5.) The same applies to his inclusion of 18 U.S.C. § 1514, which is part of federal criminal jurisprudence and is outside the scope of this case. (*Id.*) It is entirely unknown how "Rule 3-1" of the Eleventh Circuit Court of Appeals could be even remotely applicable to this case. (*Id.* at pg. 4.)

Plaintiff's laundry list of various federal rules, statutes, and case law fails to provide any basis for this Court to revise its Orders. Particularly as Plaintiff offers no explanation as to how they relate to his objections, the vast majority of the legal principles he cites are of no consequence and should be disregarded. They clearly fail to support his overriding claim of fundamental error by this Court that should be corrected.

Plaintiff has brought no legal support for his claims of error and provides no reason for this Court to amend its Orders. Therefore, his objections should be overruled.

5

## C. Plaintiff Provides No New Arguments to Support His Objections.

Besides the fundamental flaws described above, Plaintiff's objections offer no new arguments or other compelling reasons for this Court to revisit its Orders. Interestingly, Plaintiff asserts that he "will not re-argue prior points from Plaintiff's Response in Opposition to Defendant's Motion to Dismiss." (ECF No. 81, pg. 6.) As this Court is aware, however, Plaintiff did not oppose Defendant's Rule 12 Motion. Rather, he filed a brief in opposition to Defendant's request for leave to file an amended motion. (ECF No. 42.)

But Plaintiff, in fact, continues to reargue his prior points. His objections seek to relitigate two matters, related to MCI Communications and the now-dismissed individual defendants, that have been ruled upon by this Court. He goes over the same ground with respect to whether the individuals he previously named are proper defendants under theories of personal liability; and whether MCI Communications was properly identified, accounted for in the litigation, and ultimately dismissed. The substance of Plaintiff's objections presents nothing that this Court has not already heard.

First, Plaintiff has not advanced any new arguments that MCI Communications Services, Inc. ("MCI") has failed to defend or otherwise plead. This claim is set forth in Plaintiff's objections (ECF No. 81, pg. 13, ¶ 37): "MCI Communications Services, Inc., failed to defend, otherwise plead, to the Complaint (ECF 1)." The 19 defendants named in Plaintiff's Complaint included "MCI Communications Srvs., Inc." (ECF. No. 1, pg. 2-3.) Defendant's Motion to Dismiss included one inadvertent reference to MCI Communications, LLC. (ECF Nos. 10-11.) Defendant moved to correct the misnomer (ECF Nos. 21-22), and the Court accepted the dismissal motion as having been constructively amended. (ECF No. 69, pg. 4.)

What Plaintiff presents now is not new. He pursued this line of argument several months ago, in his Motion for Entry of Default, which he filed on September 15, 2023. *See* ECF Nos. 15-19. In his declaration in support of that motion, Plaintiff asserted that "[Defendant] incorrectly identifies the MCI Communications, Inc" as MCI Communications Services, LLC,", [*sic*] whereas both entities exist as of today." (ECF No. 16, pg. 2, ¶ 12.) In his objections, Plaintiff repeats the statement, asserting "[Defendant] incorrectly identified 'MCI Communications Services, Inc.' as 'MCI Communications Services LLC.' (ECF No. 22 at 2.)"

After the Court denied his default motion (ECF No. 25), Plaintiff moved for reconsideration on October 31, 2023. (ECF Nos. 47-48.) His brief in support of his Motion for Reconsideration repeated the assertion that "[Defendant] incorrectly identifies the MCI Communications, Inc" as MCI Communications Services, LLC,", [*sic*] whereas both entities exist as of today, or had existed during the time of the employment of the Plaintiff." (ECF No. 48, pg. 3 ¶ 9.) The Court denied Plaintiff's Motion for Reconsideration. (ECF No. 53.)

On this issue, there is other repetition: In his objections, Plaintiff references both his declaration (ECF No. 16) (which he filed on September 15, 2023) and his brief in opposition to Defendant's motion to amend (ECF No. 42) (which he filed on October 24, 2023) to assert, once again, that MCI Communications, Inc., has a different corporate structure and participated in the charge process of the Equal Employment Opportunity Commission. (ECF No. 81, pg. 12-13, ¶¶ 32-35.)

The Court has denied Plaintiff's various motions related to MCI on the basis that he has failed to establish proper service on this entity. As the Court stated in its Order denying Plaintiff's Motion for Reconsideration (which was issued on November 2, 2023), "Additionally, Kolcu does not offer new evidence proving he had served MCI Communications Services, Inc., when he

7

moved for default." (ECF No. 53, pg. 2.) In its Decision and Order that Plaintiff now challenges (ECF No. 69), the Court stated: "There is no record of 'MCI Communications Servs Inc.' having been served …" (*Id.* at pg. 5.)

Plaintiff, once again, asks to be heard on the MCI issue. Even if Plaintiff is attempting to repackage this under Rule 25, it does not change the service issue nor otherwise alter the fact that MCI was not served but was included in Defendant's Motion to Dismiss. Rule 25(c) simply does not apply, as there has been no transfer of interest that would call for a substitution. Plaintiff has brought no basis for reconsidering or revising the Court's Orders. He simply reargues his previous points. Therefore, Plaintiff's objections should be denied.

Second, Plaintiff's objections reargue personal liability for the dismissed defendants. (ECF No. 81, pg. 8-10.) This issue also has been reviewed and ruled upon. Plaintiff's causes of action are limited to Title VII and the ADA. As a matter of blackletter law, those statutes do not allow for personal liability in claims of employment discrimination. The Court has explained this to Plaintiff (*see* ECF No. 69, pg. 8-9), and he seems to acknowledge this in his objections. *See* ECF No. 81, pg. 8, quoting the Court's Decision and Order (ECF No. 69).

Yet, apparently not satisfied with that explanation, Plaintiff tries again in his objections, essentially asking the Court to change the law and open the door to personal liability because such liability might attach in other contexts, none of which apply to this case (the Family and Medical Leave Act (FMLA), the Equal Pay Act (EPA), COBRA, the Employee Retirement Income Security Act (ERISA), the Occupational Safety and Health Act (OSHA), "and many other federal laws"). (ECF No. 81. Pg. 9.) It is also immaterial as to whether Plaintiff believes that Defendant has failed to comply with Department of Labor considerations, OSHA requirements, "federal

compliance matters," or has somehow engaged in the "misuse of federal contract." (*Id.* at pg. 10.) None of those matters is before this Court nor within the scope of Title VII or the ADA.

Regardless of statutory limitations, however, Plaintiff nonetheless asks the Court to "allow Plaintiff to hold these names until further discovery is available, then allow Plaintiff to present the evidences [*sic*] for their individual liabilities." (*Id.* at pg. 10.)

Nothing would be gained by this. Plaintiff did not file his lawsuit under the FMLA, EPA, COBRA, ERISA, or OSHA. Moreover, the Court has held that Plaintiff can pursue his claims only under Title VII and the ADA,[2] which preclude personal liability. Further examination of the individuals, on an issue that has already been litigated and decided, will not change the "four corners" of Title VII and the ADA.

### D. Plaintiff's Repetitious Litigation Is Improper.

This Court warned Plaintiff that should he "continue to persist in attempting to relitigate in this court any issues that the court has already resolved, he may be subject to sanctions." (ECF No. 69, pg. 3.) That is exactly what Plaintiff does with his objections. This is not an attempt to create a record or preserve appellate considerations. Rather, it is yet another request for the Court's time and attention to review previous decisions on matters that have already been heard and decided. Plaintiff asks the Court to "take Plaintiff's objections into consideration," with the hope that, once again, the outcome will change. (ECF No. 81, pg. 15.)

The result of this repetitious approach is a single-plaintiff cause of action that, despite nothing novel or unique, has generated more than 80 ECF entries while still in its early stages. To date, Plaintiff has filed (1) a Motion for Entry of Default (ECF No. 15); (2) a Request for Entry of

---

[2] The Court ruled that Plaintiff could not proceed with his claim under the Age Discrimination in Employment Act ("ADEA") because he did not exhaust his administrative remedies and, regardless of procedural requirements, he was not protected by the ADEA during the relevant period. (ECF No. 69, pg. 9.)

Default (ECF No. 18); (3) a "Civil L.R. 7(h) Expedited Non-Dispositive Motion For An Extension of Time To Serve Defendant And For An Order Directing The Clerk Of Court To Authenticate Publication Summons" (ECF No. 29); (4) a Motion for Order to Show Cause and Enter Sanctions (ECF 41); (5) a "Motion for Reconsideration of Order (Dkt 25)" (ECF No. 47); (6) a Publication Summons (ECF No. 50); (7) a "Motion for Nunc Pro Tunc Order - Pursuant to F.R.C.P. 72(a) & Actus Curiae Neminem Gravabit" (ECF No. 62); (8) a Notice of Appeal as to ECF No. 69, as to the Order on Motion for Leave to File, Order on Motion for Order to Show Cause, and Order on Motion to Dismiss (ECF. No. 72); (9) a "Motion for Certification of Order (Dkt 69) Pursuant to 28 U.S.C. § 1292(b) and for a Stay of Proceedings Pending Appeal (ECF No. 74); and (10) several affidavits and declarations (ECF Nos. 16, 27, 28, 30, 31, 32, 33, 39, 43, 44, 49, 51, 52, 54, and 65).

All of this is in addition to the present objections, which is the second such filing by Plaintiff. On November 14, 2023, he filed "Plaintiff's Objection to Magistrate Judge's Non-Dispositive Order (Dkt 53) - Pursuant to F.R.C.P. R. 72(a)" (ECF No. 59).

The resources of both the Court and Defendant are not unlimited, and the interests of justice are not served by Plaintiff beating the same drum time and again. Whether sanctions are appropriate is a matter for this Court. But, regardless, this case needs to move forward. As to the various matters that have been heard and decided, Plaintiff needs to move on.

## CONCLUSION

As with his other filings, Plaintiff's objections are without merit and have no basis in law or fact. Therefore, Plaintiff's objections should be denied.

Dated this 5th day of March, 2024.

/s/ Brian G. Nuedling
Brian G. Nuedling, WI Bar #1035493
JACKSON LEWIS P.C.
22 East Mifflin Street, Suite 800
Madison, WI 53703
Telephone: (608) 807-5278
Facsimile: (608) 260-0058
Email: *brian.nuedling@jacksonlewis.com*

Michaela A. Hendricks, WI Bar #1124716
JACKSON LEWIS P.C.
22 East Mifflin Street, Suite 800
Madison, WI 53703
Telephone: (608) 807-5286
Facsimile: (608) 260-0058
Email: *michaela.hendricks@jacksonlewis.com*

*Attorneys for Defendant*

4868-4398-5833, v. 1