UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALPER KOLCU,

          Plaintiff,

          v.                                   Case No. 23-CV-849

VERIZON COMMUNICATIONS, INC,

          Defendant.

## ORDER

Following this court's decision regarding the defendants' motion to dismiss, *Kolcu v. Verizon Commc'ns, Inc.*, No. 23-CV-849, 2024 U.S. Dist. LEXIS 18469 (E.D. Wis. Feb. 1, 2024), and denial of pro se plaintiff Alper Kolcu's motion regarding an interlocutory appeal (ECF No. 78), Kolcu filed a document captioned, "Plaintiff's Objections to the Honorable Court's Partial Dismissal Order (ECF 69) and Order (ECF 78)." (ECF No. 81.)

The nature of this filing is difficult to discern. Substantively it appears that Kolcu is again asking the court to reconsider its prior decisions. As the court previously advised Kolcu,

> Further, it is inappropriate for any party, even a party who is pro se, to repeatedly ask a court to reconsider a prior decision. Reconsideration is an

extraordinary and limited remedy; asking once is more than enough. The ordinary means for error correction is an appeal to the Court of Appeals, but pursuing such relief generally must wait until the case in the district court is complete. Should Kolcu continue to persist in attempting to relitigate in this court any issue that the court has already resolved, he may be subject to sanctions.

*Kolcu*, 2024 U.S. Dist. LEXIS 18469, at *3-4.

The court dismissed all defendants other than Verizon Communications, Inc., for various reasons, including that Kolcu had failed to prove that he had adequately served them, they were not named in the EEOC charge, or Kolcu had failed to state a plausible claim for relief against them. But, most materially, Kolcu plausibly alleged only that Verizon Communications, Inc. was his employer. Only an employer may be a defendant with respect to a claim under Title VII of the Civil Rights Act of 1964 or Title I of the Americans with Disabilities Act, and these were Kolcu's only plausible claims.

Kolcu continues to argue about which persons and entities may be named as defendants. These arguments appear to be based in large part on misunderstandings regarding the meaning and import of certain statutes and cases. For example, in arguing that individuals may be liable under Title VII, he mistakenly relies on case law discussing when an employer may be liable for actions of a supervisor to argue that these cases state that a supervisor may be named as a defendant in an action under Title VII. (ECF No. 81 at 9.)

Ensuring that an action is against the proper entity is a matter easily resolved through routine discovery. The court recognizes that, as a non-lawyer, Kolcu may lack

familiarity with these basic procedures. While Kolcu is entitled to represent himself, the court encourages him to explore obtaining counsel to represent him in this matter. Among other things, an attorney may aid him in understanding the applicable law, the merits of his claim, the relevant procedures, and overall foster an efficient resolution of this action. Attorneys are often available to represent plaintiffs in employment discrimination cases on a contingency fee or fee-shifting basis, meaning that Kolcu may be able to obtain an attorney without having to pay any upfront attorney fees. The court cannot provide legal advice to a litigant or otherwise assist him in prosecuting a case.

Having thoroughly reviewed Kolcu's objections and his reply, the court finds no basis to alter any of the court's prior decisions or to order any other sort of relief.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 21st day of March, 2024.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge