UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ALPER KOLCU,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>VERIZON COMMUNICATIONS, INC.,<br><br>　　　　　　Defendant. | Case No. 2:23-CV-00849 |

**DEFENDANT'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S CIVIL L. R. 7(H) EXPEDITED NON-DISPOSITIVE MOTION
FOR EXTENSION OF TIME TO JOIN PARTIES**

　　　　Defendant Verizon Communications, Inc. ("Defendant") hereby submits its Memorandum in Opposition to Plaintiff's "Civil L. R. 7(h) Expedited Non-Dispositive Motion for an Extension of Time to Join Parties" ("Motion") (ECF No. 91) and "Plaintiff's Brief in Support of Civil L. R. 7(h) Expedited Non-Dispositive Motion for an Extension of Time." (ECF. No. 92.)

　　　　As an initial matter, this Court should disregard Plaintiff's brief in support of his motion, as it is noncompliant with the Local Rules of the Eastern District of Wisconsin. Local Rule 7(h)(2) expressly states that "[t]he movant may not file a separate memorandum with the motion. " Rather, " [t]he motion must contain the material facts [and] argument …" (*Id*.) Plaintiff's Motion does not contain any material facts or arguments in support of joining additional parties. Instead, Plaintiff attempts to support his Motion by referencing Federal Rules of Civil Procedure that do not sustain his Motion. Rules 19(a) and 20(a) are not responsive, as both rules merely establish the procedures and requirements for joinder of parties. Rule 21 is inapplicable, as it allows the courts to correct

1

mistakes related to the improper inclusion or exclusion of parties from a lawsuit. Rule 25(c) also does not apply here, as there has been no transfer of interest that would call for a substitution of parties.

On March 6, 2024, Defendant filed a Report of the Parties' Rule 26(f) Conference and Proposed Discovery Plan ("Report"). (ECF No. 85.) Plaintiff requested that the Court set a deadline of 30 days after the exchange of initial disclosures as the cutoff for joining any person or entity as a party to this action, whereas Defendant requested the Court set a deadline of April 19, 2024. (*Id*.) Based on the April 11, 2024 initial disclosures deadline in the Report, Plaintiff's proposed deadline to join parties would have been May 11, 2024. After the March 14, 2024 scheduling conference, the Court issued a Scheduling Order, which included the parties' deadline to join other parties without leave of court as no later than April 19, 2024. (ECF No. 88.) On April 17, 2024, Plaintiff's Civil L.R. 7(h) expedited motion, requesting a 21-day extension of time to join parties, was entered and served. (ECF No. 91.) A 21-day extension would move the joinder deadline to May 10, 2024, which is remarkably close to Plaintiff's desired deadline.

By seeking an extension of time to join parties, Plaintiff, in effect, is seeking to amend the Scheduling Order. However, Fed. R. Civ. P. 16(b)(4) makes clear that such scheduling order deadlines may be modified "only for *good cause* and with the judge's consent. " Fed. R. Civ. P. 16(b)(4) (emphasis added). A good cause inquiry considers the diligence of the party seeking the extension. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). "[A]mong the aims of Rule 16 are to prevent parties from delaying or procrastinating and to keep the case moving forward toward trial." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). Plaintiff cannot establish good cause under Fed. R. Civ. P. 16(b)(4) because he has not made and cannot make any showing, whatsoever, that he acted with diligence in attempting to meet the "good

cause" requirement of the Scheduling Order. In his Motion, Plaintiff does not assert that he has established "good cause" for modifying the Scheduling Order and enlarging time to join parties to this case.

Plaintiff's attempt to enlarge the joinder deadline should also be denied on the basis of Plaintiff's lack of due diligence. The claims were known and available to Plaintiff when he filed his lawsuit on June 26, 2023. (ECF No. 1.) He has had ten months to consider the parties who should be included in this case. He has not identified any additional parties during that lengthy time period. It is only now, after the Court dismissed all but one of the original defendants named in his Complaint (ECF Nos. 69, 71), that Plaintiff wants even more time to search for defendants. Plaintiff's decision to wait almost an entire year to join parties highlights his lack of diligence and shows that he has not come close to satisfying the "good cause" requirement in Fed. R. Civ. P. 16(b)(4).

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion.

Dated this 24th day of April, 2024.

/s/ Brian G. Nuedling
Brian G. Nuedling, WI Bar #1035493
Michaela A. Hendricks, WI Bar #1124716
JACKSON LEWIS P.C.
22 East Mifflin Street, Suite 800
Madison, WI 53703

4896-2481-9127, v. 1