UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ALPER KOLCU,<br><br>   Plaintiff,<br><br> v.<br><br>VERIZON COMMUNICATIONS, INC.,<br><br>   Defendant. | Case No. 23-C-0849 |

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT
AND FOR SANCTIONS**

Defendant Verizon Communications, Inc. ("Defendant"), by its attorneys, Jackson Lewis, P.C., moves to strike Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(f)(2) and Fed. R. Civ. P. 15(a)(2), and for sanctions pursuant to 28 U.S.C. § 1927 and this Court's inherent power. Defendant submits this Brief in Support of its Motion to Strike Plaintiff's First Amended Complaint and for Sanctions.

I. **BACKGROUND**

On April 29, 2021, Plaintiff, Alper Kolcu ("Plaintiff"), filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Verizon Communications Inc., alleging that he has been subjected to discrimination and harassment on the bases of disability, national origin, and religion, as well as retaliation for engaging in protected activity, all in violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act. (ECF No. 1, at 33-36.) Plaintiff filed a second Charge of Discrimination against

1

Verizon Communications Inc. on November 9, 2021, alleging that he was terminated because of an alleged disability, his national origin, and religion, and in retaliation for engaging in protected activity, all in violation of Title VII and the ADA. (ECF No. 1, at 37-38.)

On June 26, 2023, Plaintiff filed a Complaint *pro se* against corporate defendants Verizon Communications Inc., Verizon Business Network Services LLC, MCI Communications Services Inc., Verizon Business Office (VZB New Berlin), and Verizon Benefits Center. Plaintiff also brought his claims against individual defendants Winsome Taik, Thomas Pietila, Kirti (Kitty) Rose, Chelsea J. Meyers, Leslie Stephenson, Michael Calantone, John M. Laughon, Lisa Lauture, Alice Hsieh, Roy Piestley, Joseph Glisczinski, Mark Peeters, Marc Fisher, and Corey Saffert.[1] Plaintiff purported to raise claims under Title VII of the Civil Rights Act of 1964, the Americans With Disabilities Act, the Equal Pay Act, the Age Discrimination in Employment Act of 1967, and the Genetic Information Nondiscrimination Act.

On February 1, 2024, this Court issued a ruling on defendants' Rule 12 Motion. (ECF No. 69.) The Court dismissed all of the individual defendants, as well as all of the corporate entities with the exception of Verizon Communications, Inc. (*Id.*) Further, the Court held that Plaintiff's claims were limited to alleged discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") (on the bases of national origin and religion) and the Americans with Disabilities Act ("ADA"), and retaliation under Title VII and the ADA. Defendant Verizon Communications, Inc. filed an Answer to Plaintiff's Complaint on February 15, 2024. (ECF No. 79.)

After the Rule 16 Scheduling Conference on March 14, 2024 (ECF. No. 87), the Court issued a Scheduling Order, which included the parties' deadline to amend pleadings and join other parties without leave of court as no later than April 19, 2024. (ECF No. 88.) On April 17, 2024,

---

[1] Plaintiff also named as defendants "John Doe 1-9," "Jane Doe 1-9," and "ABC Companies."

Plaintiff's Civil L.R. 7(h) expedited motion, requesting a 21-day extension of time to join parties, was entered and served. (ECF No. 91.) Defendant filed a memorandum in opposition to Plaintiff's Civil L.R. 7(h) expedited motion on April 24, 2024. (ECF No. 95.) The expedited motion is pending before the Court.

On April 22, 2024, Plaintiff filed "Plaintiff's First Amended Complaint" without leave from the Court. (ECF No. 93.) Plaintiff purports to raise claims under the Wisconsin Fair Employment Act, the Family and Medical Leave Act, 42 U.S.C. § 1981, 42 U.S.C. § 1985, Title VII of the Civil Rights Act of 1964, the Americans With Disabilities Act, the Equal Pay Act, the Age Discrimination in Employment Act of 1967, the Fair Labor Standards Act, Occupational Safety and Health Administration, Environmental Protection Agency, Sarbanes-Oxley Act of 2002, David-Bacon [*sic*] and Related Acts, 18 U.S.C. § 2510, Telecom Act [*sic*] of 1996, and the Employee Retirement Income Security Act of 1974, against thirty-five (35) defendants, including Defendant Verizon Communications, Inc.

The defendants named in Plaintiff's First Amended Complaint are: MCI Communications Services, Inc., Verizon Communications, Inc., Verizon Business Network Services, LLC, Verizon Business Network Services, Inc., MCI Communications Services, LLC, MCI International Services, Inc., MCI International Services, LLC, MCIMETRO Access Transmission Services Corp., MCIMETRO Access Transmission Services, LLC, Verizon Benefits Center, Verizon Benefits Admin., Verizon Business Office, Thomas Pietila, Joseph Glisczinski, Mark Peeters, Marc Fisher, Corey Saffert, Leslie Stephenson, Michael Calantone, Winsome Taik, John M. Laughon, Alice Hsieh, Roy Piestley, Marty Hersh, Phillip French, Jane Doe 1-9, John Doe 1-9, ABC Companies LLC, ABC Companies, Inc., XO Communications Services, LLC, LOL

Corporations, Kirti (Kitty) Rosa, Chelsea J. Meyers, Gregory M. Romano, and Katharine Saunders.

Defendant now submits this Motion to Strike Plaintiff's First Amended Complaint and for Sanctions.

## II. STANDARD OF REVIEW

Rule 7 of the Federal Rules of Civil Procedure limits the pleadings which may be filed with the court, as well as defines the purpose for Motions and Other Papers. Fed. R. Civ. P. 7(a), 7(b). Federal Rule of Civil Procedure 12(f) provides that, upon motion, "[t]he court may strike from a pleading an insufficient defense or ***any redundant, immaterial, impertinent, or scandalous matter***." (emphasis added).

Pursuant to Fed. R. Civ. P. 15(a)(1) "[a] party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Critically, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). District courts have "broad discretion" to decide whether to allow an amendment. *Levan Galleries LLC v. City of Chi.*, 790 F. App'x 834, 835-36 (7th Cir. 2020) (quoting *Garner v. Kinnear Mfg. Co.*, 37 F.3d 263, 269 (7th Cir. 1994)).

In addition to the Federal Rules of Civil Procedure, the Eastern District of Wisconsin's Local Rules provide that "[a] motion to amend a pleading must state specifically what changes are sought by the proposed amendments. The proposed amended pleading must be filed as an attachment to the motion to amend." Civil L. R. 15(b). Here, Plaintiff filed his First Amended Complaint without leave and in violation of Fed. R. Civ. P. 15 and Civil L. R. 15.

4

In the present matter, and even as *a pro se* litigant, Plaintiff is required to follow the Federal Rules of Civil Procedure and the District Court's Local Rules. He is not excused from complying with his responsibilities as a litigant. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (noting that "courts are required to give liberal construction to pro se pleadings," but "it is also well established that pro se litigants are not excused from compliance with procedural rules"); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) (observing that "the Supreme Court has made clear that even *pro se* litigants must follow rules of civil procedure.").

**III.      ARGUMENT**

    **A.      Plaintiff's First Amended Complaint Should Be Stricken Because Plaintiff Did Not Seek Leave As Required By Federal Rule of Civil Procedure 15(a)(2).**

The Rules of Civil Procedure provide parties with a clear avenue for amending a pleading. Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading only with the written consent of the opposing party or leave of court. Plaintiff's First Amended Complaint reasserts many of the same allegations against the same defendants listed in his Complaint. However, he has also alleged violations under new federal and state statutes, including the Wisconsin Fair Employment Act, the Family and Medical Leave Act, 42 U.S.C. § 1985, the Fair Labor Standards Act, Environmental Protection Agency, Sarbanes-Oxley Act of 2002, Davis-Bacon and Related Acts, 18 U.S.C. § 2510, Telecommunications Act of 1996, and the Employee Retirement Income Security Act of 1974. He also named new defendants Verizon Business Network Services, Inc., MCI Communications Services, LLC, MCI International Services, LLC, MCI International Services, Inc., MCIMETRO Access Transmission Services Corp., MCIMETRO Access Transmission Services, LLC, Verizon Benefits Admin., XO Communications Services, LLC, LOL Corporations, Marty Hersh, Phillip French, Gregory M. Romano, and Katharine Saunders. (ECF No. 93.)

5

That said, Defendant did not provide written consent to Plaintiff to amend his Complaint, and Plaintiff never filed a motion for leave to amend. *See Plummer v. Butalid*, No. 20-cv-961-NJR, 2022 U.S. Dist. LEXIS 92411, at *8 (S.D. Ill. May 23, 2022) (granting defendants' motion to strike and striking plaintiff's second amended complaint from the docket for failing to seek leave of court); *Jones v. United Airlines*, No. 11-C-6374, 2012 U.S. Dist. LEXIS 176408, 2012 WL 6216741, at *9 (N.D. Ill. Dec. 13, 2012) (striking amended complaint that the plaintiff filed without asking leave of court). Instead, Plaintiff filed "Plaintiff's First Amended Complaint" just six days after he filed his expedited motion for an extension of time to join defendants. Importantly, his expedited motion did not ask the court for leave to amend pleadings. "A district court does not abuse its discretion by failing to order, *sua sponte*, an amendment to [the complaint] that [the plaintiff] never requested." *See Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1008 (7th Cir. 2019).

For these reasons, Plaintiff's First Amended Complaint is improper and unauthorized, and the Court should strike it from the record.

### B. Plaintiff's First Amended Complaint Does Not Contain Any New Plausible Claims Against Any New Persons Or Entities.

This case has already been defined by the Court's ruling on the Motion to Dismiss, which has narrowed the issues and limited Verizon Communications, Inc. as the sole defendant. The Court should not allow Plaintiff to essentially restart the litigation process by filing an improper amended complaint that attempts to embellish or add new labels to his previous causes of actions against persons and entities already dismissed from this case. Allowing Plaintiff to file an amended complaint at this stage will only serve to unnecessarily delay and expand the scope of this litigation.

Similar to Plaintiff's Complaint, it is unclear whether he is bringing causes of action under the myriad federal and state laws he mentions throughout his First Amended Complaint. For 53

pages, Plaintiff chronicles alleged facts and laws that purportedly support his causes of action, but he does not assert any plausible claims. His claims should be limited to claims of discrimination on the basis of religion and national origin under Title VII, disability under the ADA, and retaliation under both Title VII and the ADA, as this Court has previously ruled.

In addition to the causes of action being exceedingly unclear, it is nearly impossible to determine which claims are brought against which defendants. Regardless, the Court already dismissed seventeen of the persons and entities Plaintiff seeks to add to this lawsuit. (ECF No. 94.)[2] Plaintiff cannot use Fed. R. Civ. P. 15 to try to resuscitate the same claims, along with new ones, against already-dismissed defendants.

### C. Defendant Is Entitled To Attorneys' Fees Pursuant To 28 U.S.C. §1927 Or The Court's Inherent Power.

Defendant is seeking sanctions against Plaintiff because of his frivolous, vexatious, and abusive litigation tactics. 28 U.S.C. §1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Under this statute, the court has discretion to address sanctionable conduct, and Defendant requests that this Court exercise that power to sanction the misconduct of Plaintiff.

The circuits are split as to whether 28 U.S.C. § 1927 may be applied against *pro se* litigants. *See Sassower v. Field*, 973 F.2d 75 (2d Cir. 1992) (holding that 28 U.S.C. § 1927 does not apply against *pro se* litigants); *Wages v. Internal Revenue Serv.*, 915 F.2d 1230, 1235-36 (9th Cir. 1990)

---

[2] In the Court's Decision and Order, dated February 1, 2024, the Court dismissed Thomas Pietila, Joseph Glisczinksi, Mark Peeters, Marc Fisher, Corey Saffert, Leslie Stephenson, Michael Calantone, Winsome Taik, John M. Laughon, Alice Hsieh, Roy Piestley, Kirti (Kitty) Rosa, Chelsea J. Meyers, MCI Communications Services, Inc., Verizon Business Network Services, LLC, Verizon Benefits Center, and Verizon Business Office. (ECF No. 69.)

(holding that 28 U.S.C. § 1927 sanctions could be applied against *pro se* litigants). While the Seventh Circuit has recognized the split, it has declined to resolve the issue because the court could sanction under its inherent authority. *See Alexander v. United States*, 121 F.3d 312, 316 (7th Cir. 1997). Despite this, the Court should apply 28 U.S.C. § 1927 against Plaintiff.

The purpose of 28 U.S.C. § 1927 is to deter frivolous litigation and abusive practices, and to ensure that those who create unnecessary costs also bear them. *See Riddle & Assocs., P.C. v. Kelly*, 414 F.3d 832, 835 (7th Cir. 2005). Plaintiff is doing exactly what the statute is intended to address. The fact that he is *pro se* should not matter, especially in light of the multitude of Plaintiff's filings in this case.

Even if the Court does not apply 28 U.S.C. § 1927 against Plaintiff, the Court should still sanction him under its inherent power. District courts have the "ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). Sanctions imposed pursuant to the district court's inherent power are appropriate where a party has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Tucker v. Williams*, 682 F.3d 654, 661-62 (7th Cir. 2012); *see also Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016).

It is clear that Plaintiff is only seeking to harass Defendant and drive up litigation costs through continued and unfounded litigation. To date, Plaintiff has filed (1) a Motion for Entry of Default (ECF No. 15); (2) a Request for Entry of Default (ECF No. 18); (3) a "Civil L.R. 7(h) Expedited Non-Dispositive Motion For An Extension of Time To Serve Defendant And For An Order Directing The Clerk Of Court To Authenticate Publication Summons" (ECF No. 29); (4) a Motion for Order to Show Cause and Enter Sanctions (ECF 41); (5) a "Motion for Reconsideration of Order (Dkt 25)" (ECF No. 47); (6) a Publication Summons (ECF No. 50); (7) a "Motion for

Nunc Pro Tunc Order - Pursuant to F.R.C.P. 72(a) & Actus Curiae Neminem Gravabit" (ECF No. 62); (8) a Notice of Appeal as to ECF No. 69, as to the Order on Motion for Leave to File, Order on Motion for Order to Show Cause, and Order on Motion to Dismiss (ECF. No. 72); (9) a "Motion for Certification of Order (Dkt 69) Pursuant to 28 U.S.C. § 1292(b) and for a Stay of Proceedings Pending Appeal (ECF No. 74); (10) a Civil L. R. 7(h) Expedited Non-Dispositive Motion for an Extension of Time to Join Parties (ECF No. 91); and (11) several affidavits and declarations (ECF Nos. 16, 27, 28, 30, 31, 32, 33, 39, 43, 44, 49, 51, 52, 54, and 65).

All of this is in addition to Plaintiff's First Amended Complaint, which is a needless attempt to relitigate claims that have either already been dismissed or claims that are not plausible. While the Court is obliged to liberally construe Plaintiff's *pro se* pleadings, it is not obliged to countenance repeated motions, pleadings, and other submissions to the Court that have no merit. *See United States ex rel.Verdone v. Circuit Court for Taylor Cnty.*, 73 F.3d 669, 671 (7th Cir. 1995) ("Frivolous, vexatious and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders.").

Based upon the vexatious nature of Plaintiff's conduct, Defendant respectfully request that this Court award sanctions under 28 U.S.C. § 1927, or under the Court's inherent power, including, but not limited to, attorneys' fees and costs accrued in defending this meritless litigation.

## IV. CONCLUSION

For the foregoing reasons, Defendant Verizon Communications, Inc. respectfully requests that this Court grant Defendant's Motion to Strike Plaintiff's First Amended Complaint and for Sanctions.

Dated this 6th day of May, 2024.

/s/ Brian G. Nuedling
Brian G. Nuedling, WI Bar # 1035493
JACKSON LEWIS P.C.
22 East Mifflin Street, Suite 800
Madison, WI 53703
Direct Tel: (608) 807-5278
Fax: (608) 260-0058
Brian.Nuedling@JacksonLewis.com

Michaela A. Hendricks, WI Bar # 1124716
JACKSON LEWIS P.C.
22 East Mifflin Street, Suite 800
Madison, WI 53703
Direct Tel: (608) 807-5286
Fax: (608) 260-0058
Michaela.Hendricks@JacksonLewis.com

*Attorneys for Defendant Verizon Communications, Inc.*

4874-1473-9130, v. 1