UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALPER KOLCU,

        Plaintiff,

v.                     Case No. 23-CV-849

VERIZON COMMUNICATIONS, INC.,

        Defendant.

# ORDER

On February 1, 2024, this court issued a decision on the defendants' amended motion to dismiss. (ECF No. 69.) The court dismissed all defendants initially named in *pro se* plaintiff Alper Kolcu's complaint besides his former employer, Verizon Communications, Inc. ("Verizon"), and dismissed all claims except Kolcu's claims for discrimination on the basis of national origin and religion under Title VII of the Civil Rights Act, disability discrimination under the Americans with Disabilities Act (ADA), and retaliation under both statutes. (*Id.* at 11-12.)

On March 14, 2024, the court held a Rule 16 scheduling conference, after which it issued a scheduling order. (ECF Nos. 87, 88.) Pursuant to the scheduling order, the deadline to join parties and amend the pleadings without leave from the court was

April 19, 2024. (ECF No. 88.) On April 16, 2024, Kolcu filed a Civil L.R. 7(h) expedited non-dispositive motion for an extension of time to join parties. (ECF No. 91.) Six days later, he filed a proposed amended complaint in which he appears to join additional parties as defendants and add claims arising under various federal and state statutes. (ECF No. 93.)

Verizon opposes Kolcu's request for an extension of time to join parties. (ECF No. 95). Additionally, Verizon has moved to strike Kolcu's proposed amended complaint and has moved for sanctions. (ECF No. 96.) This order resolves the parties' motions.

1. **Kolcu's Motion for an Extension of Time to Join Parties**

As Verizon points out, Kolcu's motion failed to comply with the procedures regarding expedited non-dispositive motions under this court's local rules. (ECF No. 95 at 1.) Under Local Rule 7(h), the movant is not allowed to file a separate memorandum with its motion. Civil L.R. 7(h)(2). Instead, the necessary facts and argument must be included in the motion itself. *Id.* Kolcu did not include the pertinent facts and argument in his motion, instead filing a separate brief in support. (ECF No. 92.)

Even if the court were to look past Kolcu's failure to comply with the local rules, his motion and brief do not sufficiently explain why he needs additional time to join parties. Kolcu states that Verizon's initial disclosures were "very vague" and that he needs "further dialogues and document search for joining the right parties and relevant information." (ECF No. 92 at 2.) But this court previously explained that Verizon is the

2

Case 2:23-cv-00849-WED   Filed 05/30/24   Page 2 of 7   Document 100

only defendant against whom Kolcu can proceed under Title VII of the Civil Rights Act and Title I of the ADA. (*See* ECF No. 69 at 8 ("Only an employer is liable under Title VII or Title I of the ADA, and Kolcu has adequately alleged that only Verizon Communications, Inc. was his employer.") (citations omitted).)

As a result, Kolcu's motion for an extension of time to join parties will be denied.

**2. Verizon's Motion to Strike and Motion for Sanctions**

**2.1. Motion to Strike**

Kolcu filed a proposed amended complaint on April 22, 2024. (ECF No. 93.) On May 6, 2024, Verizon moved to strike Kolcu's proposed amended complaint under Rules 12(f)(2) and 15(a)(2) of the Federal Rules of Civil Procedure. (ECF No. 96.) Kolcu has not responded to Verizon's motion.

Under this court's local rules, an amendment to a pleading must "reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." Civil L.R. 15(a). A motion to amend a pleading "must state specifically what changes are sought by the proposed amendments" and "[t]he proposed amended pleading must be filed as an attachment to the motion to amend." Civil L.R. 15(b).

As stated above, the court provided a deadline of April 19, 2024, for filing amended pleadings. After that date, the parties may only amend their pleadings "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Without first receiving Verizon's consent (ECF No. 97 at 6), and without seeking leave of

3

Case 2:23-cv-00849-WED    Filed 05/30/24    Page 3 of 7    Document 100

court, Kolcu did not file his proposed amended complaint until April 22, 2024. And because Kolcu did not file a motion to amend his complaint, he does not explain what changes are being sought by the proposed amended complaint.

Verizon argues that Kolcu's proposed amended complaint does not contain any new plausible claims against any new defendants. (ECF No. 97 at 6.) It points out that the court has already narrowed the issues, allowing Kolcu to proceed only against Verizon. (ECF No. 97 at 6.) "The Court should not allow [Kolcu] to essentially restart the litigation process by filing an improper amended complaint that attempts to embellish or add new labels to his previous causes of actions against persons and entities already dismissed from this case." (*Id.*)

This is a straightforward employment discrimination case under Title VII of the Civil Rights Act and Title I of the ADA. Kolcu was allowed to proceed on claims of discrimination based on national origin, religion, disability, and retaliation. (*See* ECF No. 69 at 8-9.) It is unclear how Kolcu's proposed amended complaint, which purports to join defendants (some new, some who have already been dismissed from this action) and add claims (some new, some which have already been dismissed from this action) will aid him in pursuing his case.

The court will grant Verizon's motion to strike, and Kolcu's proposed amended complaint shall be stricken.

## 2.2. Motion for Sanctions

Finally, Verizon has moved for sanctions against Kolcu pursuant to 28 U.S.C. § 1927 or the court's inherent power. (ECF Nos. 96, 97 at 7.) Under 28 U.S.C. § 1927,

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Verizon points out that there is a circuit split regarding whether § 1927 sanctions may be applied against *pro se* litigants, and that the Seventh Circuit has declined to resolve the issue. (ECF No. 97 at 7-8 (citing *Sassower v. Field*, 973 F.2d 75 (2d Cir. 1992); *Wages v. Internal Revenue Serv.*, 915 F.2d 1230, 1235-36 (9th Cir. 1990); *Alexander v. United States*, 121 F.3d 312, 316 (7th Cir. 1997)).) Nevertheless, Verizon maintains that the court should apply § 1927 against Kolcu because "[t]he purpose of 28 U.S.C. § 1927 is to deter frivolous litigation and abusive practices, and to ensure that those who create unnecessary costs also bear them" and Kolcu is "doing exactly what the statute is intended to address." (*Id.* at 8 (citing *Riddle & Assocs., P.C. v. Kelly*, 414 F.3d 832, 835 (7th Cir. 2005)).)

Alternatively, Verizon argues that the court should sanction Kolcu under its inherent power. (ECF No. 97 at 8.) "Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101,

107 (2017) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962)). "That authority includes 'the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U. S. 32, 44-45 (1991)).

Verizon argues that Kolcu "is only seeking to harass [Verizon] and drive up litigation costs through continued and unfounded litigation." (ECF No. 97 at 8.) Verizon points to the various motions, affidavits, and declarations Kolcu has filed since he initiated this lawsuit. (*Id.* at 8-9 (citing ECF Nos. 15, 16, 18, 27, 29, 30, 32, 33, 39, 41, 43, 44, 47, 49, 50, 51, 52, 54, 62, 65, 72, 74, 91).) "While the Court is obliged to liberally construe [Kolcu]'s pro se pleadings, it is not obliged to countenance repeated motions, pleadings, and other submissions to the Court that have no merit." (ECF No. 97 at 9 (citing *United States ex rel. Verdone v. Circuit Court for Taylor Cnty.*, 73 F.3d 669, 671 (7th Cir. 1995)).) Verizon requests that the court award sanctions, including attorneys' fees and costs accrued in defending this action. (*Id.*)

The court declines to award sanctions under 28 U.S.C. § 1927 or its inherent power at this stage of the proceedings. Kolcu has been warned once that repeated attempts to relitigate issues that have already been resolved by the court may result in sanctions. (*See* ECF No. 69 at 3.) That said, the court recognizes that Kolcu is representing himself and may lack familiarity with basic litigation procedures. While the docket includes many filings from Kolcu, the court is not convinced that Kolcu's sole purpose with each of these filings was to harass Verizon and increase its litigation costs.

As such, the court will deny Verizon's motion for sanctions. If, as litigation proceeds, Verizon believes that Kolcu's conduct rises to a level warranting sanctions, it can move for sanctions again at a later date.

3. Conclusion

For the reasons stated above, Kolcu's motion for an extension of time to join parties will be denied. Verizon's motion to strike Kolcu's proposed amended complaint and motion for sanctions will be granted in part and denied in part. It will be granted with respect to Verizon's request to strike Kolcu's proposed amended complaint. It will be denied with respect to Verizon's request that the court impose sanctions against Kolcu.

**IT IS THEREFORE ORDERED** that Kolcu's motion for an extension of time to join parties (ECF No. 91) is **DENIED.**

**IT IS FURTHER ORDERED** that Verizon's motion to strike Kolcu's first amended complaint and motion for sanctions (ECF No. 96) is **GRANTED IN PART** and **DENIED IN PART**. It is granted insofar as Verizon moves to strike Kolcu's proposed amended complaint. It is denied with respect to Verizon's request for sanctions. Kolcu's proposed amended complaint (ECF No. 93) shall be **STRICKEN**.

Dated at Milwaukee, Wisconsin this 30th day of May, 2024.

_WILLIAM E. DUFFIN_
WILLIAM E. DUFFIN
U.S. Magistrate Judge