UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALPER KOLCU,

          Plaintiff,

v.                                            Case No. 23-CV-849

VERIZON COMMUNICATIONS, INC.,

          Defendant.

# ORDER

This matter comes before the court on *pro se* plaintiff Alper Kolcu's motion for reconsideration regarding the court's May 30, 2024, order granting defendant Verizon Communications, Inc.'s motion to strike Kolcu's proposed amended complaint. (ECF No. 101.)

The court's scheduling order set a deadline of April 19, 2024, for filing amended pleadings without leave from the court. (ECF No. 88.) On April 16, 2024, Kolcu filed a motion for an extension of time to join parties. (ECF No. 91.) On April 22, 2024, he filed a proposed amended complaint, purporting to add various claims and defendants to the action. (ECF No. 93.) Verizon moved to strike Kolcu's proposed amended complaint. (ECF No. 96.) On May 30, 2024, the court denied Kolcu's motion for an extension of time

to join parties and granted Verizon's motion to strike the proposed amended complaint. (ECF No. 100.)

Kolcu's current motion appears to ask the court to reconsider its decision granting Verizon's motion to strike on the basis that he filed his proposed amended complaint prior to the expiration of the deadline for amending pleadings without leave from the court. He states that, "[i]n support of this Motion, Plaintiff relies upon the record in this case and provides attached Affidavit of Service with a U.S.P.S. receipt indicating time of service of ECF No. 93 [the proposed amended complaint]." (ECF No. 101 at 1.) In the documents submitted with his motion for reconsideration, Kolcu indicates that he mailed documents—presumably, his proposed amended complaint—to counsel for Verizon, as well as the clerk's office, on April 19, 2024. (ECF No. 102 at 1.)

In its order, the court explained that, after the April 19, 2024, deadline for filing amended pleadings, Kolcu was permitted to file an amended pleading only with Verizon's written consent or leave from the court. (ECF No. 100 at 3 (citing Fed. R. Civ. P. 15(a)(2)).) Because Kolcu filed his proposed amended complaint without Verizon's consent and without seeking leave from the court, he failed to comply with Federal Rule 15. (*Id.* at 3-4.)

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (quoting *Keene Corp. v.*

*Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982)). Setting aside the issue of whether the materials Kolcu submitted demonstrate a manifest error of law or fact, or constitute newly discovered evidence, even if the court were to determine that Kolcu's proposed amended complaint was filed prior to the deadline for amending pleadings without leave from the court, the court's decision stands because of the other reasons it cited in support of its decision.

Whether Kolcu complied with the Federal Rules of Civil Procedure regarding amending pleadings was not the only reason for the court striking the proposed amended complaint. The court also found that Kolcu had failed to comply with the local rules governing the procedures for filing amended pleadings. (*See* ECF No. 100 at 3-4 (discussing Kolcu's lack of compliance with Civil L.R. 15).) Moreover, the court explained that Kolcu's proposed amended complaint did not contain any new plausible claims against any new defendants:

> This is a straightforward employment discrimination case under Title VII of the Civil Rights Act and Title I of the ADA. Kolcu was allowed to proceed on claims of discrimination based on national origin, religion, disability, and retaliation. It is unclear how Kolcu's proposed amended complaint, which purports to join defendants (some new, some who have already been dismissed from this action) and add claims (some new, some which have already been dismissed from this action) will aid him in pursuing his case.

(ECF No. 100 at 4 (citations omitted).)

Kolcu has shown neither a manifest error of law or fact, nor any new evidence, that disrupt these aspects of the court's decision. As a result, his motion for reconsideration (ECF No. 101) will be denied.

As the court has explained on multiple occasions, Kolcu has plausibly alleged claims of discrimination based on national origin, religion, disability, and retaliation against his former employer, Verizon, under Title VII of the Civil Rights Act and Title I of the ADA. (ECF Nos. 69 at 8-9, 100 at 4.) The time for amending pleadings has closed. (*See* ECF No. 88.) These are the claims on which Kolcu may proceed.

Now that discovery is open, Kolcu may ask Verizon to provide him with information that he believes he needs to prove his claims. He may ask up to twenty-five written questions (called interrogatories in the Federal Rules) and he may ask for documents that Verizon has in its possession. *See* Fed. R. Civ. P. 33 and 34; Civil L.R. 33. Verizon may object to a request to the extent it believes the request is improper. If Kolcu does not agree with an objection, he should try to informally resolve the dispute with Verizon's lawyer. *See* Civil L.R. 37. Most parties are able to resolve discovery disputes without the court's involvement. If Kolcu and counsel for Verizon are unable to resolve the dispute on their own, he may file a motion asking the court to get involved. If Kolcu asks the court to get involved, he must describe the discovery dispute in detail and explain what efforts the parties made to attempt to resolve the dispute before involving the court. As a reminder, although Kolcu should direct his discovery requests to

Verizon, he must mail them to counsel for Verizon. Verizon is under no obligation to respond to requests that are not properly served. Kolcu should not file discovery requests with the court.

**IT IS THEREFORE ORDERED** that Kolcu's motion for reconsideration (ECF No. 101) is **DENIED**.

Dated at Milwaukee, Wisconsin this 13th day of June, 2024.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge

5
Case 2:23-cv-00849-WED   Filed 06/13/24   Page 5 of 5   Document 104