UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALPER KOLCU,

Plaintiff,

v.  Case No. 23-CV-849

VERIZON COMMUNICATIONS, INC.,

Defendant.

ORDER

1. Background

Plaintiff Alper Kolcu, proceeding pro se, filed this action on June 26, 2023. (ECF No. 1.) The parties are at the discovery stage of proceedings. On July 10, 2024, Defendant served Kolcu with Interrogatories, Requests for Production of Documents, and Requests for Admission. (ECF No. 114 at 1.) Per Kolcu's request, Defendant also sent the discovery requests to Kolcu via email on July 14. (*Id.* at 2.) Kolcu had until August 12, 2024, to respond to the discovery requests. Fed. R. Civ. P. 36. Kolcu never responded to the requests. (ECF No. 114 at 2.)

On August 16, Kolcu was incarcerated at the Milwaukee County Community Reintegration Center. Milwaukee Cnty. Cmty. Reintegration Ctr., *Resident Search*,

https://incustodysearch.milwaukeecountywi.gov/?utm_source=incustodysearch.mkesheriff.org (last visited Ocober 18, 2024). Unaware of Kolcu's incarceration, Defendant's counsel reached out to Kolcu several times between August 19 and August 28 by email, phone, and letter inquiring about the overdue discovery responses and received no response. (ECF No. 114 at 2.) On August 21, 2024, Defendant filed a motion to Deem Defendant's Requests for Admission Admitted. (ECF No. 105.)

On August 31, Defendant's counsel received an email from an individual named Anastasia Weaver informing them that Kolcu was incarcerated at the Milwaukee County Community Reintegration Center and advising them that they could try reaching out to Kolcu there, but that "[h]e does not have access to his normal forms of communication, such as email." (ECF No. 114 at 3; ECF No. 115-6.) On September 3, Defendant sent Kolcu a letter at the Milwaukee County Community Reintegration Center and enclosed the discovery requests. (*Id.*)

Kolcu did not respond to Defendant's Motion to Deem Defendant's Requests for Admission Admitted, but on September 6, 2024, he brought a Local Rule 7(h) Motion to Stay Discovery. (ECF No. 109.) Kolcu filed the motion on the ground that his discovery responses may be self-incriminating and hurt him in his appeal of a separate criminal action. (*Id.* at 1.)

On September 10, Weaver sent another email to Defendant's counsel stating that she was "emailing on [Kolcu's] behalf" and that he was "unable to send the discovery

documents [because] he is incarcerated until mid-December" for an unrelated matter. (ECF No. 114 at 4; ECF No. 115-9.) She asked whether Defendant would be open to a discovery deadline at the end of December. (ECF No. 114 at 4; ECF No. 115-9.) Defendant's counsel responded that they would respond to Kolcu's motion and that Kolcu "should feel free to reach out to [them] directly[.]" (ECF No. 114 at 4.)

On September 16, 2024, the court granted Defendant's Motion to Deem Defendant's Requests For Admission to Plaintiff Admitted pursuant to Federal Rule of Civil Procedure 36(a)(3) and denied Kolcu's Motion to Stay Discovery. (ECF No. 112.) The court explained that Kolcu must still respond to discovery and could preserve his right against self-incrimination by citing the Fifth Amendment as a defense in response to the discovery requests that implicate the Fifth Amendment. (*Id.* at 3.) The court reminded Kolcu that he must comply with the scheduling order, which provides that all discovery is to be completed by November 29, 2024. (*Id.*)

Since the court's order, Defendant reached out to Kolcu again by email on September 17 requesting a status report on his discovery responses. (ECF No. 114 at 4.) That same day, Defendant received a response from Weaver stating, "Unless you contact [Kolcu] at Milwaukee CRC directly, I am not sure how you expect him to respond to you before his release." (*Id.* at 4-5.) On September 25, Defendant filed this Motion to Compel Discovery Responses, or in the Alternative, to Dismiss for Failure to Prosecute or as a

3

Sanction for Failure to Respond to Defendants Discovery Requests. (ECF No. 113.) Kolcu's response was due by October 16, and he has not responded.

2. **Analysis**

Defendant asks the court to compel Kolcu to produce responses to Defendant's interrogatories and document requests or, alternatively, to dismiss Kolcu's case for failing to prosecute and failing to respond to discovery requests. (ECF No. 114 at 5-11.)

**2.1. Motion to Compel Discovery Responses**

The Federal Rules of Civil Procedure require a party to respond to discovery requests within 30 days from the date they were served. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(4). If the party fails to respond within 30 days, the serving party may move the court to compel the non-responding party to respond, and the court can order such. Fed. R. Civ. P. 37.

Kolcu's discovery responses are past due: he received discovery requests on July 10, 2024, and failed to timely respond by August 12. (ECF No. 114 at 1-2.) He was again provided with the discovery requests at the Milwaukee County Community Reintegration Center on September 3 and has still failed to respond. (*Id.* at 3.) Thus, an order compelling Kolcu to respond is appropriate.

Defendant asks the court to order Kolcu to produce discovery responses by October 30, 2024. (ECF No. 114 at 11.) Defendant points to the upcoming November 19

discovery deadline as warranting an order that Kolcu timely provide discovery responses. (*Id.* at 6.)

Weaver, communicating to Defendant on Kolcu's behalf, indicated Kolcu will be incarcerated "until mid December" and would like to delay discovery until after that time because he "is unable to send the discovery documents" until then. (ECF No. 115-9.)

Pro se litigants are expected to comply with discovery requirements, even if they are incarcerated. However, given the minimal delay between the November 19 discovery deadline and Kolcu's upcoming release from incarceration, and given the difficulty in producing documents while incarcerated at a short-term detention facility, the court finds it reasonable to extend the discovery response deadline until the end of January, after Kolcu's expected release.

Thus, the court orders that Kolcu must produce responses to Defendant's Interrogatories and Document Requests by **January 31, 2025**. Accordingly, the scheduling order (ECF No. 88) is amended as follows: all discovery is due by February 28, 2025; all dispositive motions are due by April 30, 2025. If Defendant needs additional time after receiving Kolcu's discovery responses, they can request an extension.

Next, Defendant asks the court to find that Kolcu has waived the right to object to any of Defendant's discovery requests. (ECF No. 114 at 11.) A court *may* find a party waived their right to object if they failed to timely do so—a rule courts typically apply when a party raised one set of objections and later tries to bring new objections. *E.g.*,

5

Case 2:23-cv-00849-WED   Filed 10/21/24   Page 5 of 9   Document 117

*Schaetz v. Paper Converting Mach. Co.*, No. 17-cv-272, 2018 U.S. Dist. LEXIS 9337, at *4 (E.D. Wis. Jan. 22, 2018). Because Kolcu, proceeding without an attorney, narrowly missed his response deadline before he was incarcerated, and has had limited ability to be able to produce documents since then, the court does not find waiver is appropriate at this time. Accordingly, Kolcu has not waived his right to object to the discovery requests.

Defendant also asks the court to award them their "reasonable expenses incurred in making [their] Motion, including attorneys' fees, upon the filing of a fee petition." (ECF No. 114 at 12.)

Federal Rule of Civil Procedure 37(a)(5)(A) states that, after granting a motion to compel discovery, the court generally must "require the party … whose conduct necessitated the motion … to pay the [moving party's] reasonable expenses incurred in making the motion, including attorney's fees." Before doing so, the court must give the party an opportunity to be heard, and the court will not order the payment if "(i) the movant filed the motion before attempting in good faith to obtain the … discovery without court action; (ii) the … nondisclosure … was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

The court holds Defendant's request for fees under advisement and does not make a decision on awarding fees at this time.

6
Case 2:23-cv-00849-WED    Filed 10/21/24    Page 6 of 9    Document 117

**2.2 Motion to Dismiss for Failure to Prosecute and Failure to Respond**

Due to Kolcu's failure to respond to discovery requests, Defendant alternatively asks the court to dismiss Kolcu's case for failure to prosecute under Federal Rule of Civil Procedure 41(b) or as a sanction for failing to serve answers to interrogatories under Federal Rule of Civil Procedure 37(d)(1)(A)(ii).

Federal Rules of Civil Procedure 41(b) and 37(d)(1)(A)(ii) give the court discretion to dismiss a plaintiff's case after the plaintiff fails to prosecute or fails to respond to discovery if the court finds dismissal is warranted. *See McMahan v. Deutsche Bank AG*, 892 F.3d 926, 931-32 (7th Cir. 2018) (Fed. R. Civ. P. 41(b)); *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009) (Fed. R. Civ. P. 37(d)).

Considering that Kolcu is not represented by an attorney and is currently incarcerated, the court does not find that his failure to respond to discovery warrants dismissal at this time. While he missed the initial 30-day deadline to respond before he was incarcerated, he was incarcerated shortly thereafter, making it difficult to produce documents in response to the discovery requests. Furthermore, only one of Defendant's attempts to contact Kolcu since his incarceration was sent to the detention facility such that Kolcu could receive it, and Defendant has not contacted Kolcu at the detention facility since the court's September 16 order. (ECF No. 114 at 1-4.) Kolcu cannot be faulted for not responding to voicemails and emails that he has no way of receiving.

Kolcu's failure to respond to discovery requests under these circumstances does not warrant dismissal under either Federal Rule of Civil Procedure 41(b) or Rule 37(d). *See McMahan*, 892 F.3d at 931-32 (considering 41(b) dismissal factors including "[t]he frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit, … [and] the prejudice if any to the defendant caused by the plaintiff's dilatory conduct"); *Collins*, 554 F.3d at 696 (requiring willfulness, bad faith, or fault for a dismissal sanction under 37(d)). Thus, Defendant's Motion to Dismiss for Failure to Prosecute or as a Sanction for Failure to Respond to Defendant's Discovery requests (ECF No. 113) is **denied**.

3. Conclusion

For the reasons set forth above,

**IT IS THEREFORE ORDERED** that Defendant's motion to compel Kolcu to Produce Responses to Defendant's Interrogatories and Document Requests is **granted.** Kolcu must respond by **January 31, 2025**. Specifically, Kolcu must respond to Defendant's Interrogatories and Requests for Production. He does not need to respond to the Defendant's Requests for Admissions because they are already deemed admitted due to Kolcu's failure to respond by August 12, 2024. *See* ECF No. 112; Fed. R. Civ. P. 36(a)(3).

The scheduling order (ECF No. 88) is amended as follows: discovery is to be completed by no later than February 28, 2025, and dispositive motions are due by April 30, 2025.

If new circumstances arise to cause difficulties for Kolcu in responding to the Defendant's interrogatories and document requests by January 31, 2025, he should reach out to Defendant to try to resolve the issue. If the parties are unable to reach an agreement, Kolcu may move the court for a further extension, showing why an extension is warranted. *See* U.S. Dist. Ct. E. Dist. of Wis., *Tips for Practicing Before Judge Duffin*, II, https://www.wied.uscourts.gov/judges/william-e-duffin (last visited Oct. 21, 2024). But he should understand that he is expected to comply with his discovery obligations even if he is incarcerated.

Dated at Milwaukee, Wisconsin this 21st day of October, 2024.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge